GEORGE D. WEBSTER, JOHN HENRY BREBBIA, FIRST WESTERN SAVINGS AND LOAN ASSOCIATION, A NEVADA CORPORATION, AND FIRST WESTERN FINANCIAL CORPORATION, A DELAWARE CORPORATION QUALIFIED TO DO BUSINESS IN NEVADA, APPELLANTS, v. FREDERICK T. STEINBERG AND M. A. CLEMENS, RESPONDENTS.

No. 5513

July 1, 1968                    442 P.2d 894

*Milton W. Keefer* and *Wayne G. Clark,* of Las Vegas, and *Hahn, Cazier, Thornton & Hoegh,* of Los Angeles, California, for Appellants.

*Bell & Morris,* of Las Vegas, and *Abraham L. Pomerantz,* of New York, New York, for Respondents.

# OPINION

By the Court, COLLINS, J.:

This is an appeal from a preliminary injunction pendente lite restraining the convening of the annual stockholders meeting of appellant First Western Financial Corporation. We conclude that injunction is void, reverse the order granting it and remand the action for further proceedings.

Frederick T. Steinberg and M. A. Clemens, stockholders of First Western Financial Corporation, commenced the above action in July, 1967. The action, a derivative suit on behalf of the shareholders of Financial and double-derivatively on behalf of its wholly owned subsidiary, First Western Savings and Loan Association, is against certain named directors of Financial and Association. Plaintiffs allege many acts of wrongdoing by the directors against the two corporations. In addition and in connection with the annual meeting of the shareholders of Financial to have been held on August 18, 1967, plaintiffs allege defendant directors issued a proxy statement soliciting votes of the shareholders which was false and fraudulent in several particulars including an allegation that confidential information obtained by Webster at a time when he was counsel for Financial and Association was being used contrary to their best interests.

Simultaneously with filing of that action and supporting affidavits of Steinberg and Robert C. Fielding, a former officer and director of Financial, a temporary restraining order and preliminary injunction pendente lite were obtained enjoining the convening of the annual stockholders meeting on August 18, 1967.

Defendants thereupon removed the action to the United States District Court for Nevada contending that court had original jurisdiction under the Securities Exchange Act of 1934.[1] On August 21, 1967 the United States District Court found that while the complaint consisted of a single count it contained two distinct and severable claims (1) a derivative claim seeking an accounting for waste and corporate mismanagement; and (2) a claim to enjoin the convening of the annual meeting of the shareholders of Financial based upon an allegedly false and misleading proxy statement. The court concluded that although no reference was made to federal law in the complaint, the claim for injunctive relief based upon the alleged false proxy statements was within the exclusive jurisdiction of the United States District Court and governed by the Securities Exchange Act of 1934, supra; that since the Nevada Court lacked jurisdiction the United States District Court, on removal had no jurisdiction of the claim except to dismiss it or remand it to the state court for dismissal; that the derivative claim should be remanded to the state court for action. That court thereupon dismissed that part of the claim based upon the alleged false proxy statements and dissolved the preliminary injunction. The derivative claim was remanded to the state court for its further consideration. An appeal from such order was taken to the United States Court of Appeals, Ninth Circuit, but for a reason unknown to us was not perfected or argued and was dismissed on January 26, 1968, thus leaving Judge Bruce R. Thompson's order final on the proxy claim.

Immediately upon the derivative action being remanded to the State District Court, Steinberg and Clemens, through their counsel, moved again for a temporary restraining order prohibiting the holding of the annual stockholders meeting of Financial still set for August 18, 1967. That motion relied upon the record of the case as it then existed, including the removal to and remand by the United States District Court, its order and an additional affidavit of William W. Morris, one of counsel for Steinberg and Clemens. That affidavit was substantially a restatement of all that had been previously alleged. Neither Financial nor the Association filed counter affidavits to it.

On August 17, the State District Court entered its temporary restraining order and order to show cause why a preliminary injunction should not issue again restraining the annual stockholders meeting set for the next day, August 18. The court required a $20,000 bond. On September 13, the court entered

[1] 15 U.S.C. § 78aa (1964).

an order granting a "temporary injunction pendente lite." The injunction restrained "defendant, their agents, servants, employees and all those acting under their orders and in concert with them, to be * * * enjoined and restrained, during the pendency of the action and until its further determination from convening the annual stockholders meeting of defendant First Western Financial Corporation." The order granting the injunction did not set forth the reasons for its issuance in specific terms nor did it describe in reasonable detail without reference to the complaint or other documents the act or acts sought to be restrained as required by NRCP 65(d).[2]

It is from such order this appeal was taken.

Appellants urge several assignments of error, but only two need be considered. They are (1) Was the order of the United States District Court striking the claim for relief based upon alleged false proxy statements res judicata as to respondents; (2) Was the second restraining order and preliminary injunction pendente lite valid?

We answer the first point affirmatively and the second negatively.

There can be no serious question but that exclusive jurisdiction rests in the United States Courts under the Securities Exchange Act of 1934, as amended, supra, to hear a claim involving alleged false proxies. On that question we are in complete agreement with the order of Judge Thompson, United States District Court for Nevada. Where, as here, a United States Court assumes jurisdiction, issues a ruling, which is not appealed to nor reversed by a higher federal court the ruling becomes final. It is res judicata and the point litigated by the parties to the action, may not be reargued nor may it be collaterally attacked in another forum. Retail Clerks Local No. 1564 v. Your Food Stores, 225 F.2d 659 (10 Cir. 1955).

We next turn to the second restraining order and preliminary injunction and their compliance with NRCP 65(d). These were filed by the court without a statement of the reasons for their

---

[2]"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

issuance. Such statement is necessary for proper review on appeal. Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310 (1940). Thus, we hold any restraining order or preliminary injunction issued by a trial court of this state is void, not merely voidable, unless the court or judge issuing the same sets forth in the order the reasons for its issuance, is specific in its terms and describes in reasonable detail, not by reference to the complaint or other documents, the act or acts sought to be restrained. State ex rel. Friedman v. Dist. Ct., 81 Nev. 131, 399 P.2d 632 (1965); Brunzell Construction Co. v. Harrah's Club, 81 Nev. 414, 404 P.2d 902 (1965).

We are unable to say from the record before us what reasons were relied upon by the lower court in imposing the restraint. The court itself did not say, and we will neither speculate, draw inferences nor search the record ourselves for an answer to that question. Without committing ourselves as to their validity, issuance of the second restraining order and preliminary injunction in any event should have been carefully and precisely limited to the derivative stockholders claim of waste, mismanagement and violation of an attorneys confidential relationship to a former client. The issuance, however, of the restraining order and preliminary injunction relying in any manner upon the alleged false proxy statements was prohibited. That claim was res judicata.

Other issues are urged but we deem it unnecessary to discuss or decide them in view of the foregoing holding.

Accordingly the orders granting the temporary restraining order and injunction pendente lite are reversed, the injunction dissolved and the matter remanded for proceedings not inconsistent with this decision.

BATJER and MOWBRAY, JJ., BARRETT, D. J., and MANN, D. J., concur.