PERCY W. HUDSON ET AL. *v.* JOHN L. BURNS ET AL.

SUPERIOR COURT      MIDDLESEX COUNTY      FILE NO. 21030

Memorandum filed November 2, 1971

*O'Connell & Budney,* of Old Saybrook, for the plaintiffs.

*Wiggin & Dana,* of New Haven, for the defendants.

SHEA, J. The original complaint alleged that the proxy solicitation material distributed in connection with the annual meeting scheduled for September 21, 1971, did not comply "with the proper laws regarding said proxy statements" in failing to make certain disclosures of stock transfers and ownership by certain directors or candidates. It is also alleged that the defendant corporation is subject to regulation by the Securities and Exchange Commission.

The defendant corporation appeared generally and filed a motion to erase upon the ground that exclusive jurisdiction of the subject matter of the complaint rests with the federal courts. The motion was argued, and the plaintiffs requested and were given time to file a reply brief. The plaintiffs did file such a brief and also filed an amended complaint. In the first count of the amended complaint no specific reference to the Securities and Exchange Commission is made, but it appears that the gravamen of this count is the failure to disclose in the proxy solicitation material the same matters which are referred to in the original complaint. This count then makes reference to the power of this court to determine the validity of elections under General Statutes § 33-315 and concludes with a claim that the election of September 21, 1971, was invalid, "viewing the election procedure as a whole." The second count appears to be a repetition of the original complaint.

The moving defendant claims that its motion to erase applies with equal force to the amended complaint, because there is no substantial difference between the original and the amended complaint.

A motion to erase is proper where the jurisdictional defect appears plainly on the record. Practice

Book § 94. Since the jurisdictional defect claimed involves the power of the court to act upon the subject matter of the complaint, it could not be waived by filing a general appearance. It might be raised at any time, even by the court itself in the absence of any motion.

It is clear that the federal courts have exclusive jurisdiction over violations of the Securities Exchange Act of 1934, including the regulations pertaining to proxy solicitations. 48 Stat. 895 § 14, 902 § 27, as amended, 15 U.S.C. §§ 78n (a), 78aa. State courts have consistently refused to consider claims based upon proxy solicitations where the Securities Exchange Act is applicable. *Investment Associates, Inc.* v. *Standard Power & Light Corporation,* 29 Del. Ch. 225, 239, aff'd, 29 Del. Ch. 593; *American Distilling Co.* v. *Brown,* 295 N.Y. 36, 42. Even though no reference is made to federal law in the complaint, where the gist of the action involves a false or fraudulent proxy solicitation relating to a security regulated by the Securities Exchange Act only the federal courts may exercise jurisdiction. *Webster* v. *Steinberg,* 84 Nev. 426, 429.

In this case the essence of the claim as stated in the first or second count is the alleged failure to disclose certain information in the proxy solicitation. No other basis for invalidating the election is stated. No statutes of this state governing the content of a proxy solicitation are mentioned in the complaint, if any can be found applicable.

The motion to erase is granted, and the action is dismissed for lack of jurisdiction over the subject matter.

It is ordered that judgment enter for the defendants.