VERNON G. HOUSEWRIGHT, Director, Nevada Department of Prisons, and Sergeant Iris J. Gross, Appellants, v. JAMES W. SIMMONS, Respondent.

No. 15031

December 19, 1986 729 P.2d 499

*Brian McKay,* Attorney General, *Dan R. Reaser,* Deputy Attorney General, Carson City, for Appellants.

*James W. Simmons,* in proper person, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court issuing a permanent injunction against the appellants. Because we conclude that the injunction is void, and that it was issued upon insufficient evidence, we reverse the order of the district court, and we dissolve the permanent injunction against appellants.

Although the procedural history of this matter is complex, the facts relevant to our consideration of this appeal are simply stated. On July 9, 1982, James Simmons, an inmate law clerk at the Nevada State Prison, filed the first of a series of purported writs and motions in the district court. Essentially, Simmons alleged that prison employees were harassing, humiliating, and interfering with inmate law clerks. Further, he asserted that prison employees had been removing law books and supplies from the prison library. Simmons contended that this interference amounted to an unconstitutional infringement of the inmates' rights to access to the courts.

In the proceedings which ensued, Simmons eventually filed a "motion for permanent injunction," by which he sought to enjoin the alleged unlawful activities of the prison employees. Thereafter, on June 2, 1983, the district judge entered an "Order and Permanent Injunction" which states in pertinent part:

> IT IS HEREBY ORDERED that the [appellants], and all officers, agents, employees or persons acting in concert or their [sic] behest are permanently enjoined, if such be the case, from harassment, humiliation and intimidation of and interference with inmate paralegals legitimately engaged in the prosecution or defense of litigations, and from removing,

inveigling or otherwise displacing materials and supplies from the inmate legal library at the Southern Nevada Correctional Center.

This appeal followed.

We have previously held that any restraining order or preliminary injunction issued by a trial court of this state is void, not merely voidable, unless the court issuing the same sets forth in the order the reasons for its issuance, is specific in its terms and describes in reasonable detail, not by reference to the complaint or other documents, the acts sought to be restrained. *See* Webster v. Steinberg, 84 Nev. 426, 430, 442 P.2d 894, 896 (1968). Our holding in *Webster* was mandated by the express provisions of NRCP 65(d) which requires that "[e]very order granting an injunction . . . shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail . . . the act or acts sought to be restrained. . . ."

In the instant case, the order of the district court failed to set forth any reasons for the issuance of this injunction. Further, the order does not contain a sufficiently detailed description of the acts to be restrained. Accordingly, we conclude that pursuant to NRCP 65(d), and our holding in Webster v. Steinberg, *supra*, the injunction entered by the district court is void and of no effect.

Additionally, in Maheu v. Hughes Tool Co., 88 Nev. 592, 598, 503 P.2d 4, 8 (1972), we held that, pursuant to NRCP 65(d), an injunction is void where its terms are vague, ambiguous, and so uncertain as to be impossible of compliance. Here, the terms of the injunction prohibiting the humiliation, intimidation or interference with inmate law clerks are so imprecise that appellants risk violating the injunction by merely performing their responsibilities imposed by state law. Specifically, prison personnel may violate the injunction by performing their statutorily mandated responsibilities to maintain the custody and control of the inmate population, and to insure the security of the correctional institution. *See, e.g.,* NRS 209.131(4) (the prison director is responsible for the supervision, custody, treatment, care, security, and discipline of the inmates under his jurisdiction). The terms of the injunction restraining appellants from "removing, inveigling or otherwise displacing materials and supplies" from the prison law library are also overbroad and ambiguous. As such, prison officials may risk violating these restrictions by performing their lawful responsibilities to manage and maintain the prison law library.

Under these circumstances, and in light of the fact that prison personnel must be free to exercise reasonable measures to control the inmate population, we conclude that the terms of this injunc-

tion are violative of the provisions of NRCP 65(d) because they are overbroad, vague, ambiguous, and "so uncertain and indefinite as to be impossible of compliance. . . ." *See* Maheu v. Hughes Tool Co., 88 Nev. at 598, 503 P.2d at 8.

Finally, our review of the record of this appeal reveals insufficient evidence to support the order of the district court granting injunctive relief. *See* Franklin v. Bartsas Realty, Inc., 95 Nev. 559, 562, 598 P.2d 1147, 1149 (1979). We have previously held that absent testimony or exhibits establishing the material allegations of a complaint, an application for injunctive relief should be denied. *See* Coronet Homes, Inc. v. Mylan, 84 Nev. 435, 437, 442 P.2d 901, 902 (1968).

In this case, the record reveals that no evidentiary hearings were held below at which the parties were afforded an opportunity to present testimony, exhibits, or cross-examine witnesses. The hearings before the district judge were confined to a discussion of appellants' motion to quash the proceedings on procedural and jurisdictional grounds. Moreover, Simmons' allegations of harassment, intimidation, and interference with inmate paralegals were supported only by affidavits. Specifically, Simmons submitted his own affidavit which alleged that on one occasion a correctional officer temporarily refused an inmate law clerk admittance into the prison library, and spoke to the inmate in abusive language. Simmons indicated, however, that the inmate was subsequently admitted to the library after the incident was reported to appellant Gross. This affidavit further alleged that Sergeant Gross "routinely searched the inmate legal library . . . leaving confidential inmate legal files in dishevel," and that books and supplies had been disappearing from the library resulting in a "litigation shut-down." Additionally, Simmons supported his allegations with the affidavit of another inmate who attested that he had witnessed Sergeant Gross leaving the prison library carrying a stack of papers.

No testimony or documentary evidence was ever presented to the district court in support of the facts asserted in these affidavits. Further, no evidentiary hearing was held below at which appellants were afforded an opportunity to rebut respondent's allegations. We conclude, therefore, that the district court's issuance of the permanent injunction, without a full and fair evidentiary hearing, constituted a clear abuse of discretion. *See* United States v. Spectro Foods Corp., 544 F.2d 1175, 1182 (3rd Cir. 1976).

In light of our resolution of these issues, it is unnecessary to reach appellants' remaining contentions. Accordingly, we reverse the order of the district court, and we dissolve the permanent injunction against appellants.