LAS VEGAS NOVELTY, INC., a Nevada Corporation, Appellant/Cross-Respondent, v. ALFRED FERNANDEZ, JR., Respondent/Cross-Appellant, and M & F ENTERPRISES, INC., a Nevada Corporation, Respondent.

No. 20054

February 22, 1990 787 P.2d 772

*K. Michael Leavitt* and *Jason G. Landess,* Las Vegas, for Appellant/Cross-Respondent.

*Charles M. Damus,* Las Vegas, for Respondent/Cross-Appellant.

*Bell & Young,* and *Craig A. Hoppe,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

Appellant/cross-respondent Las Vegas Novelty (LVN) appeals an order by the district court dismissing LVN's action against respondent M & F Enterprises, Inc. (M & F), and an order granting LVN a permanent injunction against respondent/cross-appellant Alfred Fernandez, Jr. (Alfred). We hold that both orders must be reversed and the case remanded for further proceedings.

## THE FACTS

LVN is a wholesale souvenir business. Alfred worked for LVN since LVN's inception in 1983. On January 7, 1987, LVN's principals signed a settlement agreement to resolve their disagreements regarding LVN. Among other things, the settlement required LVN to continue to employ Alfred for seven years.

On July 9, 1987, Alfred entered into an employment contract with LVN as required by the settlement. The agreement contained a covenant not to compete. The covenant provided that, if Alfred ever left LVN, Alfred could not sell any souvenirs on a wholesale basis for four years within 20 miles of LVN. At the time the covenant was executed, Alfred also ran a retail souvenir business, a joint venture named M & F Enterprise. According to affidavits submitted by LVN, M & F Enterprise was solely a retail, not wholesale, business. Presumably because Alfred's retail business was not in direct competition with LVN's wholesale activities, the covenant expressly provided that Alfred could continue to run M & F Enterprise if he ever left LVN. This exception provides that Alfred "shall be allowed to pursue an interest in all of M & F Enterprise, and Souvenir T-Shirt Place's retail store." M & F Enterprise did not sign the employment agreement containing the covenant.

In 1988, after the covenant was executed, Alfred and two others incorporated M & F Enterprise into the legally distinct entity of "M & F Enterprise*s Inc.,*" the corporation which is party to this action. Unlike the original M & F Enterprise, M & F's stated purpose now included *wholesale* of souvenirs, putting M & F into direct competition with LVN.

Around June 7, 1988, Alfred stopped working for LVN. Soon thereafter, according to affidavits submitted by LVN, Alfred and M & F·began servicing LVN's wholesale customers in direct violation of the covenant not to compete. LVN filed suit, seeking to enjoin both Alfred and M & F from these actions. The court dismissed LVN's suit against M & F without prejudice for failure

to state a cause of action. The court permanently enjoined Alfred, but to a lesser degree than called for in the covenant. Specifically, the court enjoined Alfred from engaging in the wholesale souvenir business for one year and within 10 miles of LVN.

## LEGAL DISCUSSION

LVN first challenges the order dismissing LVN's action against M & F. LVN argues that M & F is not exempt from injunctive relief merely because M & F did not sign the contract containing the covenant not to compete. LVN next challenges the injunctive order, arguing that the court erred by limiting the scope of the covenant to one year and 10 miles, instead of the four years and 20 miles called for by the covenant. Alfred cross-appeals, raising two principal contentions. First, Alfred contends that the covenant was unenforceable in any degree because it was violative of public policy and because the covenant expressly excepted Alfred's work with M & F. Second, Alfred urges that, at the very least, the injunction was overbroad in enjoining Alfred's sale of T-shirts, since LVN is not currently selling T-shirts.

### I. *The order dismissing M & F.*

The district court did not set forth the reasons for its order dismissing LVN's action against M & F. However, there appear four grounds upon which the order may have been based. We conclude that none of these grounds supports the order and accordingly reverse the order.

The court might first have dismissed the complaint against M & F pursuant to M & F's principal argument that, as a matter of law, it could not be subject to the covenant contained in Alfred's employment agreement, because M & F did not sign the agreement. We reject this argument for two reasons. First, the better and, apparently, majority view allows a party not privy to a covenant not to compete to be enjoined, if that party breaches the covenant in active concert with the principal party enjoined and with knowledge of the covenant. *See, e.g.,* McCart v. H & R Block, Inc., 470 N.E.2d 756 (Ind.Ct.App. 1984) (summarizing the cases espousing this view). These cases correctly reason that allowing a third party knowingly to aid and abet violations of a covenant not to compete entirely emasculates the covenant. Second, this view finds further support in the language of NRCP 65(d). NRCP 65(d) provides in part:

> (d) Form and Scope of Injunction or Restraining Order. Every order granting an injunction . . . is binding only upon the parties to the action, their officers, agents, servants,

*employees, and attorneys, and upon those persons in active concert with them who receive actual notice of the order by personal service or otherwise.*

(Emphasis added.) NRCP 65(d) is not precisely on point, because it addresses the scope of enforcement of an injunction *after* the injunction has been properly issued. Nevertheless, this section makes no mention of a privity requirement and provides significant support for the majority view. Operating under the federal analogue rule to NRCP 65(d), which is identical to NRCP 65(d), federal courts have applied the majority rule that we adopt. *See* Day Cos. v. Patat, 440 F.2d 1343 (5th Cir. 1971), *cert. den.*, 404 U.S. 830 (1971). In summary, M & F was properly subject to an injunction even though M & F was not privy to the contract containing the duty to be enforced, provided that M & F breached the covenant in active concert with Alfred and with knowledge of the covenant. M & F was not exempt from injunctive relief as a matter of law.

The second ground upon which the court might have granted M & F relief relates to the exception to the covenant contained in Alfred's employment contract. M & F argues that the exception allowing Alfred to pursue his interest in the joint venture M & F Enterprise also includes M & F in its current corporate form. We disagree. The record does not contain substantial evidence to support the conclusion that the parties intended this exception to include M & F in its current form. All the evidence in the record indicates that at the time the employment contract was executed, M & F Enterprise was solely a retail business. It was only later that M & F incorporated and began to sell souvenirs on a wholesale basis in direct competition with LVN. We cannot conclude that LVN wished to prohibit Alfred individually from selling souvenirs on a wholesale basis, but allow him to do the same thing through M & F.

The third ground upon which the court may have based its order is an evidentiary one. Because the court considered evidence beyond the pleadings in issuing this order, we shall treat the court's order of dismissal as a grant of summary judgment, not as a grant of a motion to dismiss. *See* Paso Builders, Inc. v. Hebard, 83 Nev. 165, 426 P.2d 731 (1967). Given that the court considered affidavits beyond the pleadings, the court may have dismissed LVN's action against M & F on the ground that LVN failed to raise a genuine issue of fact indicating that M & F was breaching the covenant in active concert with Alfred and with

knowledge of the covenant. We hold that LVN's affidavits sufficed to raise a genuine question of fact on this issue. LVN's affidavits alleged that Alfred had been seen soliciting LVN clients on behalf of M & F, and that M & F was supplying merchandise to these former LVN clients. Additionally, LVN's affidavits and exhibits indicate that M & F was a small corporation in which Alfred was one of the three incorporators, one of whom had been associated with Alfred's retail store. Under these circumstances, we cannot conclude that there was no genuine question of fact regarding whether the other principals of M & F were aware of the covenant binding Alfred.

The fourth and final possible explanation for the court's order could be pleading defects in LVN's complaint. Upon review of LVN's complaint, however, we conclude that the complaint adequately alleges that M & F knowingly and actively assisted Alfred in violating the covenant.

II. *The order permanently enjoining Alfred.*

We hold that the court's permanent injunctive order is null and void for failure to state the reason for its issuance as required by NRCP 65(d).

This court has held that NRCP 65(d) mandates nullification of a preliminary injunction due solely to failure of the court to include a statement of reasons in the injunctive order. Webster v. Steinberg, 84 Nev. 426, 429-30, 442 P.2d 894, 896 (1968). We have also held that, under NRCP 65(d), a permanent injunction is void, not merely voidable, where the injunction contains no statement of the reasons for its issuance, or the injunction fails to describe the acts to be restrained with adequate specificity. Director, Dep't of Prisons v. Simmons, 102 Nev. 610, 612, 729 P.2d 499, 501 (1986). In *Simmons,* however, the injunction was void both due to lack of a statement of reasons *and* due to failure to describe the acts to be restrained with adequate specificity. Contrary to our statements in *Simmons,* we hold that, taken alone, the lack of a statement of reasons does not necessarily invalidate a permanent injunction, so long as the reasons for the injunction are readily apparent elsewhere in the record and are sufficiently clear to permit meaningful appellate review. To the extent that *Simmons* or any other of our past cases require invalidation of a permanent injunction solely for lack of a statement of reasons, these cases are overruled. Contrary to our holding in *Webster,* we further see no good reason why the same rule should not apply to preliminary injunctions as well; this question is not presently

before us, however. As this case illustrates, the failure to include a statement of reasons will continue to mandate nullification wherever the reasons for the injunction are not readily apparent elsewhere in the record, or appellate review is otherwise significantly impeded due to lack of a statement of reasons. We stress that the better practice is complete compliance with the rule, and that injunctive orders not complying with the rule will be carefully scrutinized.

Two principal reasons support the holding just stated. First, in interpreting the identical federal analogue rule to NRCP 65(d), upon which NRCP 65(d) is based, federal courts have adopted rules consistent with our holding. These courts have not viewed the mandatory language of this rule as jurisdictional, but, rather, as intended primarily to facilitate appellate review of injunctive orders. *See, e.g.,* Urbain v. Knapp Bros. Mfg. Co., 217 F.2d 810 (6th Cir. 1954), *cert. den.,* 349 U.S. 930 (1955); Mesa Petroleum Co. v. Cities Service Co., 715 F.2d 1425 (10th Cir. 1983). These cases are strong persuasive authority, because the Nevada Rules of Civil Procedure are based in large part upon their federal counterparts. Second, mandatory nullification of any injunctive order not containing a statement of reasons can operate to penalize parties with additional litigation due to failure by the trial judge to perform a duty which, in large part, is his or her responsibility. Even if, on remand, the district court simply enters an amended injunctive order, the parties are prejudiced by having to refile, and await the result of, another appeal. To construe NRCP 65(d) to mandate nullification as a matter of course would therefore violate the requirement that the Nevada Rules of Civil Procedure "be construed to secure the just, speedy, and inexpensive determination of every action." NRCP 1.

In the present case, the lack of a statement of reasons precludes meaningful review of the injunctive order. Under the rule adopted above, therefore, the injunctive order must be declared void. If the court had merely enjoined Alfred according to the terms of the covenant, the injunctive order would be reviewable and, hence, valid, because the reasons for its issuance are apparent elsewhere in the record and meaningful appellate review would be possible. Absent a statement of reasons, this court cannot meaningfully review the *limitations* on enforcement of the covenant imposed by the district court. Why the district court limited the radius of enforcement from 20 to 10 miles from LVN is especially unclear, given LVN's allegations and affidavits suggesting that some of LVN's important clients are located in Boulder City, between 10 and 20 miles from LVN.

Because the permanent injunctive order is null and void, we need not reach the parties' remaining contentions concerning the legality and the proper scope of enforcement of the covenant. However, we note in passing that, both as drafted and as enforced by the court, the covenant does not appear overly broad or violative of public policy.

## CONCLUSION

We conclude that the order dismissing LVN's action against M & F must be reversed and the order permanently enjoining Alfred must be nullified. LVN is entitled to an injunction against M & F if LVN can prove that M & F breached the covenant not to compete in active concert with Alfred and with knowledge of the covenant. If this proves to be the case, we believe that LVN can best be protected by an injunction against both M & F and Alfred for some additional period sufficient to enable LVN to recoup any lost customers. The question of such further injunctive relief will rest in the discretion of the trial court. Finally, it appears that the present injunction was based solely on affidavits and a few exhibits. We note that mere affidavits may not be sufficient evidence to support an injunction. *See Simmons,* 102 Nev. at 613, 729 P.2d at 501-02. The better practice is to require some testimony or further exhibits to corroborate allegations contained in affidavits before granting an injunction.

Accordingly, we hereby reverse the order dismissing LVN's action against M & F, nullify the order permanently enjoining Alfred, and remand the case for further proceedings consistent with this opinion.