Carmen M. **FERGUSON**, Plaintiff,

v.

**MICHAEL FOODS, INC.; Northern Star Company; M.G. Waldbaum; J.D. Clarkson; and Ron Bergman, Defendants.**

No. 98–1386 (DSD/JMM).

United States District Court,
D. Minnesota.

Aug. 24, 1999.

John D. Thompson, Todd P. Zettler, Rider, Bennett, Egan & Arundel, Minneapolis, MN, for plaintiff.

Geoffrey P. Jarpe, Jeffrey B. Stites, Maun & Simon, Minneapolis, MN, Linda L. Holstein, Lorenz F. Fett, Jr., Parsinen, Kaplan, Levy, Rosberg & Gotlieb, Minneapolis, MN, for defendants.

## ORDER

DOTY, District Judge.

This matter is before the court on the cross-motions in limine of the parties concerning plaintiff's plan to call defendants' medical expert Michael G. Farnsworth, M.D., as an adverse witness during her case in chief. Based on a review of the file and record, and after hearing oral argument from counsel during the pretrial conference on September 27, 1999, the court grants defendants' motion and denies plaintiff's motion.

Federal Rule of Civil Procedure 26(b)(4) governs the role of experts in the pretrial discovery process. Under Rule 26(b)(4)(A), "A party may depose any person who has been identified as an expert whose opinions may be presented at trial." However, under Rule 26(b)(4)(B),

A party may ... discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances....

Rule 26(b)(4) is silent as to how the court should treat the request by a party to use an adverse party's designated expert at trial after the adverse party withdraws that expert's designation. However, the issue was cogently analyzed in *House v. Combined Ins.*

*Co. of Am.*, 168 F.R.D. 236 (N.D.Iowa 1996). In *House*, the court concluded that "designation of an expert as expected to be called at trial, ... even if that designation is subsequently withdrawn, takes the opposing party's demand to depose and use the expert at trial out of the 'exceptional circumstances' category of Rule 26(b)(4)(B)." *Id.* at 245. At the same time, however, the court found that such a designation does not "create[ ] an 'entitlement' of the opposing party to depose or use another party's expert at trial." *Id.* at 246. Rather, the court concluded, "the proper standard in these circumstances is a 'discretionary' standard, where the trial court's discretion is guided by a balancing of probative value against prejudice under Fed. R.Evid. 403." *Id.*

With this standard in mind, the court concludes that plaintiff should not be permitted to call Dr. Farnsworth as an adverse witness. Several factors inform this decision. First, there is the pretrial background to this disagreement: On January 15, 1999, in adherence with the magistrate judge's strict rule that expert designations be made prior to the discovery deadline, defendants Northern Star Company and J.D. Clarkson submitted an expert witness disclosure stating that "the following individual may offer expert testimony in the trial in this matter: Michael G. Farnsworth, M.D." Defendants Northern Star Company and J.D. Clarkson's Expert Witness Disclosure at 1. Plaintiff made no such expert disclosure prior to the discovery deadline, and, in fact, plaintiff's later attempt to designate an OSHA expert was denied by the magistrate. *See Ferguson v. Michael Foods, Inc.*, Civil No. 98–1386, at 2 (D.Minn. March 18, 1999). A week before the original trial date in this case, plaintiff for the first time advised defendants that she was planning to call Dr. Farnsworth as a witness. To allow plaintiff to use Dr. Farnsworth in these circumstances would (1) perversely reward the plaintiff for not timely designating its own expert; (2) perversely penalize defendants for adhering to the magistrate's scheduling order; and (3) undermine a principal objective of Rule 26, namely, "to prevent a party from piggybacking on another party's trial preparation," *House*, 168 F.R.D. at 247.

Second, the court shares the concern articulated by several courts that have addressed the present issue, namely, the "explosive" unfair prejudice that would likely result if the jury were to discover that the expert called by one party had originally been hired by the other. *See Peterson v. Willie,* 81 F.3d 1033, 1037 (11th Cir.1996); *House,* 168 F.R.D. at 243; *Rubel v. Eli Lilly Co.,* 160 F.R.D. 458, 460 (S.D.N.Y.1995). As the *Peterson* court explained:

> Jurors unfamiliar with the role of counsel in adversary proceedings might well assume that plaintiff's counsel had suppressed evidence which he had an obligation to offer. Such a reaction could destroy counsel's credibility in the eyes of the jury.

81 F.3d at 1037 (citation omitted). Further, even if the court were to order plaintiff not to mention who hired him originally, there is a substantial risk that the jury would be able to figure out how the expert became involved in the case. *See Rubel,* 160 F.R.D. at 460. At the very least, defendants would be placed at an awkward disadvantage when conducting their cross-examination, forced to dance around the fact that his initial examination of plaintiff occurred because defendants hired him.

Third, apart from issues of unfair prejudice and confusion, the court suspects that granting the plaintiff's eleventh-hour request would unreasonably lengthen the proceedings, especially in light of plaintiff's plan to conduct a trial deposition rather than having Dr. Farnsworth testify in court. Such an approach would unduly inconvenience defendants' counsel and would lead to the consumption of further judicial resources by requiring the court to sort through the objections and designations and counter-designations of the parties concerning Dr. Farnsworth's deposition testimony.

Fourth, the court is uncertain as to what relevancy Dr. Farnsworth's testimony would have to the case in its current posture. Defendants Northern Star and Clarkson retained Dr. Farnsworth to evaluate the emotional distress arising out of plaintiff's alleged sexual harassment. Because the sexual harassment claim has since been dismissed by the court, Dr. Farnsworth's testimony is only indirectly pertinent to the issues remaining in this case. Even if some of Dr. Farnsworth's testimony might be useful to the factfinder, its value is largely offset by the risk that the jury might become confused as to how to disentangle it from testimony relevant only to the dismissed sexual harassment claim.

For the foregoing reasons, the court concludes that the balance of interests under Rule 403 weighs heavily against allowing plaintiff to call Dr. Farnsworth as a trial witness.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion in limine for permission to call Dr. Farnsworth as an adverse witness during her case in chief is denied.

2. Defendant's motion in limine to prohibit plaintiff from calling Dr. Farnsworth as an adverse witness during her case in chief is granted.