**131 Nev., Advance Opinion 53**
IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BARRY A. FORD, AN INDIVIDUAL; AND PATRICIA A. FORD, AN INDIVIDUAL, Appellants, vs. BRANCH BANKING AND TRUST COMPANY, SUCCESSOR-IN-INTEREST TO COLONIAL BANK BY ACQUISITION OF ASSETS FROM THE FDIC AS RECEIVER FOR COLONIAL BANK, A NORTH CAROLINA BANKING CORPORATION ORGANIZED AND IN GOOD STANDING UNDER THE LAWS OF THE STATE OF NORTH CAROLINA, Respondent. | No. 65242 <br><br> **FILED** <br><br> JUL 23 2015 <br><br>  |

Appeal from a district court order denying a motion for NRCP 60(b) relief in a breach of guaranty action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

*Affirmed.*

Law Office of Timothy P. Thomas, LLC, and Timothy P. Thomas, Las Vegas,
for Appellants.

Sylvester & Polednak, Ltd., and Ryan W. Daniels, Allyson R. Noto, and Jeffrey R. Sylvester, Las Vegas,
for Respondent.

BEFORE PARRAGUIRRE, DOUGLAS and CHERRY, JJ.

## OPINION

By the Court, PARRAGUIRRE, J.:

NRCP 60(b)(5) allows the district court to set aside a judgment when, in material part, "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that an injunction should have prospective application." Here, we are asked to determine whether new or changed precedent from this court justifies NRCP 60(b)(5) relief. We conclude that NRCP 60(b)(5) does not allow a district court to set aside judgments solely based on new or changed precedent. Additionally, we conclude that NRCP 60(b)(5) does not allow a district court to set aside monetary judgments merely because new or changed precedent makes enforcement inequitable. Accordingly, we affirm the district court's order denying NRCP 60(b) relief.

## FACTS

In 2004, appellants Barry and Patricia Ford guaranteed two commercial loans made by Colonial Bank. The FDIC subsequently acquired the loans when it was appointed as the receiver for Colonial Bank. The FDIC, in turn, assigned the loans to respondent Branch Banking and Trust Company (BB&T) in August 2009. The properties securing the commercial loans were foreclosed August 29, 2011, and BB&T brought a breach of guaranty action against the Fords in December 2011. After a partial summary judgment hearing, the district court determined that the amount of damages was the only issue remaining for trial.

At trial, the parties disputed whether NRS 40.459(1)(c) (2013) (current version codified at NRS 40.459(3)(c)), which reduces the amount

of some deficiency judgments, could limit the amount the Fords owed BB&T. The district court concluded that former NRS 40.459(1)(c) only applied prospectively. Further, it concluded the statute would have an impermissible retroactive effect if applied to loans, like this one, that were assigned before NRS 40.459(1)(c) took effect on June 10, 2011. *See* 2011 Nev. Stat., ch. 311, §§ 5(c), 7 at 1740, 1743, 1748. Therefore, NRS 40.459(1)(c) could not apply to the Fords' loans, and they were liable for the full deficiency. The Fords never appealed the district court's final judgment.

More than one year after the district court entered its judgment, this court published *Sandpointe Apartments v. Eighth Judicial District Court*, 129 Nev., Adv. Op. 87, 313 P.3d 849 (2013). *Sandpointe* holds that "NRS 40.459(1)(c) only applies prospectively," and an application of the statute is prospective if there has been no foreclosure sale on the underlying loan as of June 10, 2011, the date the statute was enacted. *Sandpointe*, 129 Nev., Adv. Op. 87, 313 P.3d at 851. Whether or when a loan is assigned is not material. *Id.* Therefore, the district court erred in holding that NRS 40.459(1)(c) would be retroactive if applied to the Fords' loans because the foreclosure sale occurred August 29, 2011, more than two months after NRS 40.459(1)(c) took effect. Shortly after the *Sandpointe* opinion was published, the Fords asked the district court to set aside the judgment against them pursuant to NRCP 60(b)(5). The district court denied the Fords' motion, holding that NRCP 60(b)(5) was not an appropriate avenue for seeking relief based on new or changed precedent. The Fords now appeal that decision.

## DISCUSSION

On appeal, the Fords argue they can invoke NRCP 60(b)(5) to set aside the judgment against them because (1) *Sandpointe* reversed "a prior judgment upon which" the judgment against them was based, and (2) "it is no longer equitable" to enforce the judgment against them in light of this court's *Sandpointe* opinion. NRCP 60(b)(5).

Generally, we review a trial court's decision "to grant or deny a motion to set aside a judgment under NRCP 60(b)" for an abuse of discretion. *Cook v. Cook*, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996). However, we review de novo the district court's interpretation of the Nevada Rules of Civil Procedure. *See Moseley v. Eighth Judicial Dist. Court*, 124 Nev. 654, 662, 188 P.3d 1136, 1142 (2008); *see also Webb ex rel. Webb v. Clark Cnty. Sch. Dist.*, 125 Nev. 611, 618, 218 P.3d 1239, 1244 (2009). The district court denied the Fords' NRCP 60(b)(5) motion based on its interpretation of that rule, holding NRCP 60(b)(5) does not permit district courts to set aside judgments based on new or changed precedent. Therefore, de novo review is appropriate here. *See Moseley*, 124 Nev. at 662, 188 P.3d at 1142; *Webb*, 125 Nev. at 618, 218 P.3d at 1244.

The material portions of NRCP 60(b)(5) allow the district court to set aside a judgment when "[1] a prior judgment upon which [the challenged judgment] is based has been reversed or otherwise vacated, or [2] it is no longer equitable that an injunction should have prospective application." "Rule 60(b) of the Nevada Rules of Civil Procedure is modeled on Rule 60(b) of the Federal Rules of Civil Procedure, as written before the [FRCP's] amendment in 2007." *Bonnell v. Lawrence*, 128 Nev., Adv. Op. 37, 282 P.3d 712, 714 (2012). "Federal cases interpreting the Federal Rules of Civil Procedure 'are strong persuasive authority, because

the Nevada Rules of Civil Procedure are based in large part upon their federal counterparts.'" *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876 (2002) (quoting *Las Vegas Novelty, Inc. v. Fernandez*, 106 Nev. 113, 119, 787 P.2d 772, 776 (1990)).

The Fords contend that *Sandpointe* reversed a "prior judgment" that formed the basis of the judgment against them, meaning they may be entitled to relief under NRCP 60(b)(5). We reject the Fords' interpretation.

The "prior judgment" language in NRCP 60(b)(5) is identical to the pre-2007 version of its federal counterpart and substantively the same as the current federal rule.[1] *Compare* NRCP 60(b)(5) (the court may set aside a judgment when "a prior judgment upon which it is based has been reversed or otherwise vacated"), *with* FRCP 60(b)(5) (2006) (same), *and* FRCP 60(b)(5) (2014) (the court may set aside a judgment when "it is based on an earlier judgment that has been reversed or vacated"). The "prior judgment" portion of FRCP 60(b)(5) "does not apply merely because a case relied on as precedent by the court in rendering the present judgment has since been reversed." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2863 (3d ed. 2012). Rather, "[t]his ground is limited to cases in which the present judgment is based on the prior judgment in the sense of claim or issue preclusion." *Id.*; *accord Tomlin v. McDaniel*, 865 F.2d 209, 210-11 (9th

---

[1]In 2007, the federal rules were amended to make stylistic changes only; the changes were not intended to modify the substance of the rules. FRCP 60 advisory committee's note (2007 amendments).

SUPREME COURT
OF
NEVADA

(O) 1947A

5

Cir. 1989), *overruled on other grounds by Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Comfort v. Lynn Sch. Comm.*, 560 F.3d 22, 27 (1st Cir. 2009).

We find the federal analysis of FRCP 60(b)(5) persuasive and conclude NRCP 60(b)(5)'s "prior judgment" language does not reach new or changed precedent. The Fords' matter and *Sandpointe* do not involve the same parties or loans such that concerns about claim or issue preclusion arise. *See Weddell v. Sharp*, 131 Nev., Adv. Op. 28, ___ P.3d ___ (2015) (clarifying the elements of claim preclusion); *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 713 (2008) (setting forth the basic elements for claim and issue preclusion); *see also Sandpointe*, 129 Nev., Adv. Op. 87, 313 P.3d 849. Therefore, *Sandpointe* is merely new precedent, and NRCP 60(b)(5)'s "prior judgment" language does not apply here.

The Fords also argue they are entitled to relief under NRCP 60(b)(5) because, after *Sandpointe*, it is no longer equitable to enforce the judgment against them. We also reject this interpretation of NRCP 60(b)(5).

NRCP 60(b)(5) allows a district court to set aside a judgment when "it is no longer equitable that *an injunction* should have prospective application." (Emphasis added.) The pre-2007 version of FRCP 60(b)(5) allows a district court to set aside a judgment when "it is no longer equitable that *the judgment* should have prospective application." (Emphasis added.)[2] Nevada's Advisory Committee expressly noted that it

---

[2]The current version of FRCP 60(b)(5) allows a judgment to be set aside when "applying [*the judgment*] prospectively is no longer equitable."

*continued on next page . . .*

was modifying the federal rule such that the Nevada rule would only consider the prospective application of injunctions, not judgments generally.[3] NRCP 60 advisory committee's note. Therefore, NRCP 60(b)(5)'s drafters evidenced a clear intent to set aside only *injunctions* where continued enforcement would be inequitable. *See Moseley*, 124 Nev. at 662 n.20, 188 P.3d at 1142 n.20 (stating this court may interpret the NRCP like a statute and subject to de novo review). The judgment against the Fords is purely monetary, and BB&T neither sought nor obtained an injunction. Therefore, the judgment against the Fords cannot be set aside under NRCP 60(b)(5), even if enforcement might be inequitable.

Thus we conclude that new or changed precedent does not constitute reversal of a "prior judgment" under NRCP 60(b)(5). Additionally, NRCP 60(b)(5) relief is not available for monetary judgments simply because enforcement of the judgment might be inequitable in light

---

*. . . continued*

The change here was meant to be purely stylistic, not substantive. FRCP 60 advisory committee's note (2007 amendments).

[3]The Advisory Committee's Note states, "[t]he federal rule is revised as follows . . . [i]n part (4), the words 'an injunction' are substituted for 'the judgment.'" NRCP 60 advisory committee's note. The reference to "part (4)" is clearly a typographical error. Part (4) of both the FRCP 60(b) and NRCP 60(b) simply state "the judgment is void." Therefore, "part (4)" was not modified at all. However, as discussed above, part (5) of NRCP 60(b) substitutes the words "the judgment" from the federal rules with the words "an injunction." As such, Nevada's Advisory Committee clearly intended to reference part (5) in its note, but mistakenly wrote part (4).

of new or changed precedent. Accordingly, we affirm the district court's order denying the Fords' NRCP 60(b)(5) motion.

_____, J.
Parraguirre

We concur:

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

8