**132 Nev., Advance Opinion 28**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JA CYNTA MCCLENDON,
Appellant,
vs.
DIANE COLLINS,
Respondent.

No. 66473

**FILED**

APR 21 2016



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court judgment on a jury verdict following a short trial in a tort action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

*Affirmed.*

Cram Valdez Brigman & Nelson and Adam E. Brigman, Las Vegas,
for Appellant.

McCormick, Barstow, Sheppard, Wayte & Carruth, LLP, and Wade M. Hansard and Daniel I. Aquino, Las Vegas,
for Respondent.

---

BEFORE HARDESTY, SAITTA and PICKERING, JJ.

*OPINION*

By the Court, SAITTA, J.:

A party may depose any person who has been identified as an expert whose opinions may be presented at trial but may not depose or otherwise discover facts or opinions held by an expert who is not expected to be called as a witness at trial outside of certain exceptional circumstances. This opinion addresses whether a witness who was

SUPREME COURT
OF
NEVADA

(O) 1947A

5/3/16: Corrected per letter to publishers. CJ

16 - 12415

originally designated as a testifying expert by a party but was later de-designated may be deposed or called to testify at trial by an opposing party. We hold that after an expert report has been disclosed, a testifying expert witness cannot regain the confidentiality protections of NRCP 26(b)(4)(B) by de-designating that witness to the status of a nontestifying expert. After the expert witness has lost NRCP 26(b)(4)(B)'s protections, it is at the district court's discretion whether to allow the witness to be further deposed or called to testify at trial by an opposing party.

## FACTUAL AND PROCEDURAL HISTORY

This case arises from a motor vehicle accident in which respondent Diane Collins rear-ended appellant Ja Cynta McClendon's car. Collins designated a testifying expert medical witness, Dr. Eugene Appel, and filed an expert witness report and two supplemental witness reports. Before McClendon was able to depose Appel, Collins de-designated him as a testifying expert witness and filed a motion for a protective order to prevent McClendon from deposing Appel or calling him to testify at trial. McClendon then filed a motion to designate Appel as her own expert witness, take his deposition, and use his written opinions and deposition at trial. The district court granted Collins' motion for a protective order and denied McClendon's motion. After a trial in the short trial program, the jury entered a judgment in favor of Collins.

McClendon raises the following issue on appeal: Whether the district court abused its discretion by refusing to allow McClendon to depose Appel or call him to testify.

## DISCUSSION

*De-designated expert witnesses can be deposed or called to testify at trial by an opposing party in limited circumstances*

Under NRCP 26(b)(4)(A), "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." A party may not depose or otherwise discover facts or opinions held by an expert who is not expected to be called as a witness at trial unless there are "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." NRCP 26(b)(4)(B). However, the rules of civil procedure are silent as to whether an opposing party may depose or call as a witness an expert who had been designated as one who will testify at trial but was then later de-designated.

"This court reviews de novo [the] district court's legal conclusions" regarding court rules. *Casey v. Wells Fargo Bank, N.A.*, 128 Nev., Adv. Op. 64, 290 P.3d 265, 267 (2012). Although this court has not yet ruled on this issue, some federal courts have held that a de-designated expert may lose the confidentiality protections provided under rules similar to that of NRCP 26(b)(4)(B) and be deposed or called as a witness by an opposing party. *See Sec. & Exch. Comm'n v. Koenig*, 557 F.3d 736, 744 (7th Cir. 2009); *Peterson v. Willie*, 81 F.3d 1033, 1037-38 (11th Cir. 1996); *Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408, 409 (D. Minn. 1999); *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 245-46 (N.D. Iowa 1996). "Federal cases interpreting the Federal Rules of Civil Procedure 'are strong persuasive authority, because the Nevada Rules of Civil Procedure are based in large part upon their federal counterparts.'" *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876 (2002) (quoting *Las Vegas Novelty, Inc. v. Fernandez*, 106 Nev. 113, 119,

787 P.2d 772, 776 (1990)). NRCP 26(b)(4)(A)-(B) are nearly identical to their federal counterparts, FRCP 26(b)(4)(A) and FRCP 26(b)(4)(D).

The Seventh Circuit Court of Appeals has held that an expert who has been designated as a testifying expert witness and produced an expert report cannot later be de-designated as a nontestifying expert and thus avoid having the expert called to testify at trial or deposed. *See Koenig*, 557 F.3d at 744 ("A witness identified as a testimonial expert is available to either side; such a person can't be transformed after the report has been disclosed, and a deposition conducted, to the status of a trial-preparation expert whose identity and views may be concealed."); *see also Hartford Fire Ins. Co. v. Transgroup Express, Inc.*, 264 F.R.D. 382, 384 (N.D. Ill. 2009) ("The Seventh Circuit Court of Appeals has flatly rejected the idea that an expert who has been designated as a testifying expert witness and has produced an expert report can later be re-designated as a non-testifying expert to avoid having the expert deposed."). The *Koenig* court identified the disclosure of the expert report as the time when "the opportunity to invoke confidentiality" ends, suggesting that before that point, an expert witness may be de-designated. 557 F.3d at 744.

Similarly, the Eleventh Circuit Court of Appeals has ruled that a designated testifying expert witness may not be de-designated and regain the confidentiality protections of the federal counterpart to NRCP 26(b)(4)(B). *Peterson*, 81 F.3d at 1037-38 (citing *Rubel v. Eli Lilly & Co.*, 160 F.R.D. 458, 460-61 (S.D.N.Y. 1995)). However, the Eleventh Circuit qualified its holding by stating that once an expert is de-designated, it is at the discretion of the district court as to whether an opposing party may depose or call the expert to testify. *Id.* at 1038 n.4.

Thus, even after an expert witness has lost the NRCP 26(b)(4)(B) confidentiality protections, this nonetheless does not create "an 'entitlement' of the opposing party to depose or use another party's expert at trial." *House*, 168 F.R.D. at 246. Rather, "the proper standard in these circumstances is a 'discretionary' standard, where the trial court's discretion is guided by a balancing of probative value against prejudice under [Federal Rule of Evidence] 403, [the federal counterpart to NRS 48.035]." *Id.*

> Such a standard takes into account the interests [FRCP] 26 was designed to protect and those of the party who originally hired the expert, to the extent that party has not waived such an interest, *Rubel*, 160 F.R.D. at 460 (party who hired expert waived "free consultation" privilege by allowing deposition of the expert), as well as taking into account the peculiar prejudice that could arise if the jury is informed that an expert presented by one party was hired, then dropped, by the other party.

*Id.*

In applying this balancing test, courts have considered such factors as whether the testimony would be duplicative or cumulative of other witnesses' testimony, thus limiting the probative value of that testimony. *See, e.g.*, *Peterson*, 81 F.3d at 1037; *Rubel*, 160 F.R.D. at 460-61. Additionally, courts have considered whether the opposing party failed to designate its own witness before a court-mandated deadline and appeared to be attempting to "piggyback[ ] on another party's trial preparation," thus undermining the principle objective of FRCP 26. *Ferguson*, 189 F.R.D. at 409 (internal quotation omitted); *see also FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1048 (E.D. Cal. 2002) ("There is

a strong policy against permitting a non-diligent party from free-riding off the opponent's industry and diligence.").

We agree with the federal courts and therefore hold that after an expert report has been disclosed, a testifying expert witness cannot regain the confidentiality protections of NRCP 26(b)(4)(B) by de-designating that witness to the status of a nontestifying expert. After the expert witness has lost NRCP 26(b)(4)(B)'s protections, it is at the district court's discretion whether to allow the witness to be further deposed or called to testify at trial by an opposing party. The trial court's discretion should be guided by a balancing of probative value against unfair prejudice under NRS 48.035—for instance, excluding the expert's testimony where it would be duplicative or cumulative or where the opposing party is attempting to use the testimony to piggyback on the designating party's trial preparation.

*Evidence of opposing party's original retention is not admissible*

An additional issue surrounding the admission of testimony by a de-designated expert is whether evidence of the opposing party's original retention of the expert is admissible. Such evidence could "destroy counsel's credibility in the eyes of the jury" because "[j]urors unfamiliar with the role of counsel in adversary proceedings might well assume that plaintiff's counsel had suppressed evidence which he had an obligation to offer." *Peterson*, 81 F.3d at 1037 (internal quotations omitted). Some federal courts that have faced this issue have indicated that such evidence is not admissible because it is unfairly prejudicial to the party that retained the expert. *See id.* at 1038 (holding that trial court's admission of evidence regarding an expert's original retention was error, but harmless); *see also Agron v. Trs. of Columbia Univ.*, 176 F.R.D. 445, 452-53 (S.D.N.Y. 1997) (holding that a de-designated expert witness may be called to testify

SUPREME COURT
OF
NEVADA

6

as long as evidence of how he became involved in the case is excluded); *House*, 168 F.R.D. at 249 (holding the same). We agree with the federal courts and hold that in instances where a de-designated expert is allowed to be deposed or testify, evidence of that expert's original retention by the opposing party is inadmissible.

### The district court abused its discretion

This court "review[s] a district court's decision to [allow] expert testimony for an abuse of discretion." *Leavitt v. Siems*, 130 Nev., Adv. Op. 54, 330 P.3d 1, 5 (2014).

In the interlocutory order, the district court stated that its decision was "based significantly on the fact that . . . Appel, prior to [Collins] de-designating him as an expert witness, had not performed [an NRCP] 35 examination on [McClendon]." (Emphasis omitted.) However, as we have stated above, the point at which an expert witness loses NRCP 26(b)(4)(B) confidentiality protections is when an expert witness report is filed, not when a deposition is performed. Here, Collins had already filed Appel's expert report as well as two supplements before he attempted to de-designate Appel as an expert witness. Therefore, we hold that the district court abused its discretion by basing its decision on the fact that Appel had not yet been deposed.

### The error is harmless

When a moving party shows that an error is prejudicial, the error is not harmless and reversal may be appropriate. *Wyeth v. Rowatt*, 126 Nev. 446, 465, 244 P.3d 765, 778 (2010). "To establish that an error is prejudicial, the movant must show that the error affects the party's substantial rights so that, but for the alleged error, a different result might reasonably have been reached." *Id.* "[A]ppellant[ is] responsible for making an adequate appellate record," and when "appellant fails to

include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision." *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007).

McClendon failed to include a trial transcript. Therefore, it is impossible to know to what extent, if any, McClendon was prejudiced by the district court's order. Nor does McClendon provide insight in her brief indicating that she was prejudiced by the decision. Therefore, we hold that the district court's error was harmless.

## CONCLUSION

The party who designated the testifying expert witness may de-designate that witness to the status of a nontestifying expert witness and regain the confidentiality protections of NRCP 26(b)(4)(B) prior to the disclosure of an expert witness report. After an expert witness report has been disclosed, however, the expert witness may not regain NRCP 26(b)(4)(B)'s protections, and the district court has the discretion to allow the witness to be deposed or called to testify at trial by an opposing party. Furthermore, in instances where a de-designated expert is allowed to be deposed or testify, evidence of that expert's original retention by the opposing party is inadmissible.

Because the district court appears to have improperly based its decision on the fact that Appel had not yet been deposed, it abused its discretion. However, because McClendon ~~Collins~~ has not provided a sufficient record for us to determine whether the district court's error was prejudicial, we

hold that it was harmless. Therefore, we affirm the district court's order and the final judgment.

_____, J.
Saitta

We concur:

_____, J.
Hardesty

_____, J.
Pickering