# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY L. KIRSCH; MEADOW MINT, LLC; KEY BISCAYNE FAMILY TRUST; AMERICAN RESIDENTIAL EQUITIES, LLC; AMERICAN RESIDENTIAL EQUITIES, INC.; ARE ASSET MANAGEMENT, LLC; SEABREEZE FINANCIAL, LLC; AND AMERICAN RESIDENTIAL EQUITIES, LIII, LLC,
Appellants,
vs.
REDWOOD RECOVERY SERVICES, LLC; AND ELEVENHOME LIMITED,
Respondents.

No. 66728

FILED

JAN 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court preliminary injunction entered in the context of post-judgment proceedings over a domesticated foreign judgment. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Having considered the parties' arguments and reviewed the record, we decline to disturb the district court's decision to temporarily

prohibit asset transfers.[1] *See* NRS 33.010; NRCP 65(d); *Rosenstein v. Steele*, 103 Nev. 571, 573, 747 P.2d 230, 231-32 (1987) (recognizing that a domesticated judgment is constitutionally entitled to full faith and credit); *see Meyers v. Moody*, 723 F.2d 388, 389 (5th Cir. 1984) (concluding that a post-judgment injunction was appropriate since any disposition or transfer of assets would have a direct impact on creditor's ultimate recovery of the judgment, which had been entered four years earlier and which remained unsatisfied); *West Hills Farms, LLC v. ClassicStar, LLC*, 2013 WL 4515046, at \*1 (E.D. Ky. Aug. 23, 2013) (determining that the court had authority to issue post-judgment injunctive relief to prevent waste, disposal, or secreting of assets); *Tabet v. Tabet*, 644 So. 2d 557, 559-60 (Fla. Ct. App. 1994) (ordering that a temporary injunction be reinstated against the wife where the husband had a final judgment and alleged that the wife had made transfers of assets in an attempt to avoid execution, and remanding for the trial court to make a determination on personal jurisdiction).

We likewise perceive no error in the portion of the order requiring appellant Jeffrey L. Kirsch or a person most knowledgeable to appear. NRS 21.280; NRCP 69(a); *Mona v. Eighth Judicial Dist. Court*, 132 Nev., Adv. Op. 72, 380 P.3d 836, 840-41 (2016); *Rock Bay, LLC v. Eighth Judicial Dist. Ct.*, 129 Nev. 205, 298 P.3d 441 (2013); *Hubbard v.*

---

[1]We have considered appellants' argument that the district court failed to make legal and factual findings required to support its decision, and conclude that it does not warrant a different outcome. *See Las Vegas Novelty, Inc. v. Fernandez*, 106 Nev. 113, 118, 787 P.2d 772, 775 (1990).

SUPREME COURT
OF
NEVADA

(O) 1947A

*Morse*, 285 P.2d 483, 486 (Idaho 1955). Finally, personal jurisdiction and leave to proceed under NRS 21.330 are issues that remain in and will be decided by the district court, which we anticipate will proceed as expeditiously as its calendar allows. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____ J.
Gibbons

_____, J.
Pickering

cc: Hon. Stefany Miley, District Judge
Gordon Silver
Jolley Urga Wirth Woodbury & Little
Levine, Kellogg, Lehman, Schneider & Grossman
Eighth District Court Clerk