IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| A CAB TAXI SERVICE, LLC; A CAB, LLC; AND CREIGHTON J NADY, Appellants, vs. MICHAEL MURRAY; AND MICHAEL RENO, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, Respondents. | No. 72691 |



FILED

APR 0 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF REVERSAL*

This is an appeal from a district court order granting an injunction in a constitutional minimum wage action. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Appellants A Cab Taxi Service, LLC, A Cab, LLC, and Creighton J. Nady (collectively, ACTS) and respondents Michael Murray and Michael Reno (collectively, Murray) are parties to a class action which involves claims under the Minimum Wage Amendment of the Nevada Constitution. In the order certifying the class, the district court excluded another individual, Jaminska Dubric, from participating in the class.

Dubric later filed a separate action against ACTS (the Dubric action), alleging that ACTS was not paying employees the constitutionally mandated minimum wage. In the Dubric action, ACTS and Dubric were in settlement negotiations and jointly moved the district court to be certified as a class. While the motion to certify was pending, Murray filed a motion to enjoin ACTS from entering into a settlement agreement with Dubric. The district court granted the injunction, precluding ACTS from entering a

18-13224

settlement with Dubric and requiring ACTS to withdraw the motion to certify. ACTS appeals the order granting the injunction.

The decision to grant an injunction is within the district court's discretion, and we will not disturb that decision "absent an abuse of discretion or unless it is based on an erroneous legal standard." *Univ. & Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't*, 120 Nev. 712, 721, 100 P.3d 179, 187 (2004); *see also Dixon v. Thatcher*, 103 Nev. 414, 417, 742 P.2d 1029, 1031 (1987) ("As a general rule, we will not overturn the district court's ruling on a preliminary injunction. However, where . . . we conclude that the district court erred, we will not hesitate to do so." (citation omitted)). "Before a preliminary injunction will issue, the applicant must show (1) a likelihood of success on the merits; and (2) a reasonable probability that the non-moving party's conduct, if allowed to continue, will cause irreparable harm for which compensatory damage is an inadequate remedy." *Nevadans for Sound Gov't*, 120 Nev. at 721, 100 P.3d at 187 (internal quotation marks omitted). NRCP 65(d) requires the district court's order granting a preliminary injunction to "set forth the reasons for its issuance; . . . be specific in terms; [and] describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." However, "the lack of a statement of reasons does not necessarily invalidate a permanent injunction, so long as the reasons for the injunction are readily apparent elsewhere in the record and are sufficiently clear to permit meaningful appellate review." *Las Vegas Novelty, Inc. v. Fernandez*, 106 Nev. 113, 118, 787 P.2d 772, 775 (1990).

Here, the district court's order enjoining ACTS in the Dubric action fails to satisfy the minimum requirements to support injunctive relief under NRCP 65(d). Moreover, our review of the record demonstrates that

SUPREME COURT
OF
NEVADA

(O) 1947A

2

the reasons for the injunction are not readily apparent or sufficiently clear. Thus, we conclude that the district court's grant of a preliminary injunction was an abuse of discretion. Accordingly, we reverse the district court's order granting the preliminary injunction.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

cc:     Hon. Kenneth C. Cory, District Judge
        Ara H. Shirinian, Settlement Judge
        Rodriguez Law Offices, P.C.
        Hutchison & Steffen, LLC/Las Vegas
        Leon Greenberg Professional Corporation
        Eighth District Court Clerk