OPINION
 

 Per Curiam:
 

 This is an appeal from a district court order dismissing appellants’ (“Taxpayers”) complaint for lack of subject matter jurisdiction. We conclude that the Taxpayers’ arguments are meritless and, accordingly, we affirm the district court’s order.
 

 The Taxpayers brought a class action lawsuit in the district court contesting the assessment of certain taxes. The district court granted the Department of Taxation’s motion to dismiss the Taxpayers’ complaint based on a lack of subject matter jurisdiction.
 
 [1]
 
 The district court decided that two administrative remedies exist: (1) seeking a refund for illegally collected taxes, or (2) seeking an advisory opinion from the Department regarding the
 
 *839
 
 constitutionality of the statutes upon which the taxes are based. The district court determined that the Taxpayers should have exhausted those remedies before seeking relief in the district court.
 
 [2]
 

 Several statutory procedures exist for the recovery of wrongly collected taxes. NRS 360.291(l)(g)
 
 [3]
 
 and NRS 360.2935
 
 [4]
 
 entitle a taxpayer to recover a refund for an overpayment of taxes. The Department of Taxation, pursuant to NRS 233B.120, has adopted regulations for the administrative filing and disposition of petitions made to it concerning its governing statutes, regulations and decisions.
 
 [5]
 

 Ordinarily, before availing oneself of district court relief from an agency decision, one must first exhaust available administrative remedies.
 
 [6]
 
 Two exceptions exist to the exhaustion requirement. First, this court has discretion not to require exhaustion when the issues “relate solely to the interpretation or constitutionality of a statute.”
 
 [7]
 
 Second, exhaustion is not required when a resort to administrative remedies would be futile.
 
 [8]
 

 
 *840
 
 As to the first exception, the United States Supreme Court has recognized that under federal administrative procedures, the “ ‘ “[adjudication of the constitutionality of congressional enactments has generally been thought beyond the jurisdiction of administrative agencies.” ’ ”
 
 [9]
 

 In deciding whether the presence of a constitutional question entitles one to bypass available administrative remedies, a number of states have distinguished between constitutional challenges to a statute on its face and the constitutionality of a statute as applied. The Hawaii Supreme Court has held that “ ‘[w]here the statute is attacked on its face, the agency decision will rarely aid in the ultimate judicial resolution of the [claim].’”
 
 [10]
 
 However, “‘[w]hen determination of the constitutional issue depends on factual determinations, they should be made first by the administrative officials who are especially equipped to inquire, in the first instance, into the facts.’ ”
 
 [11]
 
 The Alaska Supreme Court, in accord with Hawaii, has stated that “ ‘exhaustion may be required when non-constitutional issues are present or when a factual context is needed for deciding the constitutional issue.’”
 
 [12]
 
 By so distinguishing, these
 
 *841
 
 courts have left the fact-finding to the administrative agencies, which are in the best position to make such determinations.
 
 [13]
 
 We also note that even states that do not require exhaustion for “as-applied’ ’ challenges to the constitutionality of a statute do so only when the agency need not make factual determinations or when pursuit of administrative remedies would be futile.
 
 [14]
 

 The Taxpayers’ complaint challenges the constitutionality of NRS 370.440 to NRS 370.450, seeking a declaration of the statutes’ validity as they apply to the Taxpayers. The Taxpayers’ complaint alleges, as a factual matter, that the Taxpayers cannot determine the “wholesale price” of products being purchased from unlicensed out-of-state wholesalers on which the tax is measured. The complaint also alleges that the tax statutes, as applied by the Department of Taxation, discriminate against the Taxpayers. The Taxpayers thus challenge the constitutionality of the statutes as applied to them.
 

 Resolution of the Taxpayers’ constitutional challenges hinges upon factual determinations. We are persuaded that a distinction between the constitutionality of a statute on its face as opposed to its constitutionality as applied is appropriate when applying the exhaustion requirement. The constitutionality of the statutes challenged here, as applied, involves a factual evaluation, and this evaluation is best left to the Department of Taxation, which can utilize its specialized skill and knowledge to inquire into the facts of the case.
 
 [15]
 

 
 *842
 
 As to the second exception, the Taxpayers have not demonstrated that resort to administrative remedies would be futile.
 

 Therefore, we conclude that the Taxpayers must exhaust their administrative remedies before filing a complaint in the district court. Since they did not exhaust their administrative remedies, the district court properly dismissed the complaint for lack of subject matter jurisdiction.
 

 Accordingly, we affirm the judgment of the district court dismissing the Taxpayers’ complaint for lack of subject matter jurisdiction.
 

 [1]
 

 See Girola
 
 v.
 
 Roussille,
 
 81 Nev. 661, 663, 408 P.2d 918, 919 (1965).
 

 [2]
 

 State, Dep’t of Taxation
 
 v.
 
 Scotsman Mfg.,
 
 109 Nev. 252, 254-55, 849 P.2d 317, 319 (1993).
 

 [3]
 

 NRS 360.291(l)(g) states: “The legislature hereby declares that each taxpayer has the right: ... to recover an overpayment of taxes promptly upon the final determination of such an overpayment.”
 

 [4]
 

 NRS 360.2935 states:
 

 Except as otherwise provided in NRS 361.485, a taxpayer is entitled to receive on any overpayment of taxes, after the offset required by NRS 360.320 has been made, a refund together with interest at a rate determined pursuant to NRS 17.130. No interest is allowed on a refund of any penalties or interest paid by a taxpayer.
 

 [5]
 

 NAC 360.190 provides:
 

 1. Any person may petition for an advisory opinion concerning matters within the jurisdiction of the department or commission.
 

 2. All petitions must be in writing, be addressed to the director and set forth at least the following:
 

 (a) A statement that an advisory opinion is requested;
 

 (b) A succinct statement of all the facts and circumstances necessary to dispose of the petition;
 

 (c) A clear, simple statement of the issue or question to be resolved;
 

 (d) A statement of all statutes, rules, agency decisions or other authorities which the petitioner believes may be relevant in disposing of the petition; and
 

 (e) A statement with supporting arguments and authorities of the petitioner’s opinion of a proper disposition of the petition.
 

 [6]
 

 Scotsman, 109 Nev. at 254, 849 P.2d at 319.
 

 [7]
 

 State of Nevada
 
 v.
 
 Glusman,
 
 98 Nev. 412, 419, 651 P.2d 639, 644 (1982).
 

 [8]
 

 Scotsman,
 
 109 Nev. at 255, 849 P.2d at 319. The Taxpayers also assert that any administrative remedies would be inadequate, alleging that it is
 
 *840
 
 doubtful that the Department has the jurisdiction or authority to render an advisory opinion that a statute it administers is unconstitutional. However, this court has stated that an administrative agency’s interpretation of its own regulation or statute is entitled to consideration and respect.
 
 See United States v. State Engineer,
 
 117 Nev. 585, 589, 27 P.3d 51, 53 (2001).
 

 [9]
 

 Thunder Basin Coal Co. v. Reich,
 
 510 U.S. 200, 215 (1994) (quoting
 
 Johnson v. Robison,
 
 415 U.S. 360, 368 (1974) (quoting
 
 Oestereich v. Selective Service Bd.,
 
 393 U.S. 233, 242 (1968) (Harlan, J., concurring in result) (footnote omitted))).
 

 [10]
 

 HOH Corp.
 
 v.
 
 Motor Vehicle Ind. Lic. Bd., 136
 
 P.2d 1271, 1275-76 (Haw. 1987) (quoting B. Schwartz,
 
 Administrative Law
 
 § 8.37, at 519 (2d ed. 1984)).
 

 [11]
 

 Id.
 
 at 1276 (quoting Schwartz,
 
 supra
 
 note 10, § 8.37, at 519).
 

 [12]
 

 Standard Prod. v. Dept. of Revenue,
 
 773 P.2d 201, 206 (Alaska 1989) (quoting
 
 Ben Lomond, Inc. v. Mun. of Anchorage,
 
 761 P.2d 119, 122 (Alaska 1988));
 
 see also Horrell
 
 v.
 
 Department of Admin.,
 
 861 P.2d 1194, 1198 n.4 (Colo. 1993) (stating that “[t]he Board, of course, may evaluate whether an otherwise constitutional statute has been unconstitutionally applied with respect to a particular personnel action”);
 
 State, Dept. of Highway Safety v. Sarnoff, 776
 
 So. 2d 976, 978 (Fla. Dist. Ct. App. 2000) (clarifying that a taxpayer need not exhaust administrative remedies only when challenging the constitutionality of a tax statute on its face),
 
 aff’d,
 
 825 So. 2d 351 (Fla. 2002);
 
 Kane County
 
 v.
 
 Carlson,
 
 507 N.E.2d 482, 486 (Ill. 1987) (exhaustion of administrative remedies is not required when a challenge to a statute’s facial constitutionality or the agency’s jurisdiction is asserted and when no fact-finding is required by the agency);
 
 Com. v. DLX, Inc.,
 
 42 S.W.3d 624, 626 (Ky. 2001) (providing that the exception to the exhaustion doctrine did not apply to the case at bar because the appellant did not challenge the facial validity of the statute);
 
 Liability Inv. Fund
 
 v.
 
 Med. Malpractice, 569
 
 N.E.2d
 
 191,
 
 805-06 (Mass. 1991) (exhaustion of administrative remedies is not required for a facial challenge to the constitutionality of an agency’s enabling statute or for a
 
 *841
 
 challenge to the statute as applied to the party where the issue does not depend upon factual determinations within the agency’s expertise);
 
 Jott, Inc.
 
 v.
 
 Clinton Tp.,
 
 569 N.W.2d 841, 846 (Mich. Ct. App. 1997) (“exhaustion of [administrative] remedies requirement does not apply to a facial challenge to a zoning ordinance”);
 
 Farm Bureau Town & Country Ins.
 
 v.
 
 Angoff,
 
 909 S.W.2d 348, 353 (Mo. 1995) (refusing to apply the exception to the exhaustion doctrine because the appellant’s claims involved construction of statutes and factual issues essential to determining whether the appellant violated the statutes which it claimed to be unconstitutional).
 

 [13]
 

 Of the states that have considered this issue, our research has failed to reveal any states that do not adhere to the principle that an exception to the exhaustion doctrine may exist when a determination of the constitutional issue does not depend upon factual findings by the agency.
 

 [14]
 

 See Karches v. City of Cincinnati,
 
 526 N.E.2d 1350, 1355-56 (Ohio 1988) (where pursuit of administrative remedies would be futile or unusually onerous, it was unnecessary to exhaust administrative remedies in order to challenge the constitutionality of a zoning ordinance as applied to a specific parcel of property);
 
 Memorial Hosp.
 
 v.
 
 Dept. of Rev. & Tax.,
 
 770 P.2d 223, 226 (Wyo. 1989) (party could seek a declaratory judgment regarding the constitutionality of a statute as applied before exhausting administrative remedies where the parties stipulated to the underlying facts, and no fact-finding by the agency was required).
 

 [15]
 

 Moreover, the United States Supreme Court has stated that “[c]ourts . . .
 
 *842
 
 must respect the judgment of the agency empowered to apply the law ‘to varying fact patterns,’ even if the issue ‘with nearly equal reason [might] be resolved one way rather than another.’”
 
 Holly Farms Corp. v. NLRB,
 
 517 U.S. 392, 399 (1996) (citations omitted);
 
 see also Campbell v. State, Dep’t of Taxation,
 
 109 Nev. 512, 515, 853 P.2d
 
 111,
 
 719 (1993) (stating that this court may not substitute its judgment for an agency’s determination of questions of fact). If we were to address the Taxpayers’ claims without the benefit of the Department of Taxation’s expertise, we would usurp the Department’s role as well as contravene the Supreme Court’s directive to give deference to an agency’s reasonable interpretation of the law and facts at issue.