IN THE SUPREME COURT OF THE STATE OF NEVADA

SOUTHERN NEVADA LABOR
MANAGEMENT COOPERATION
COMMITTEE, BY AND THROUGH ITS
TRUSTEES TERRY MAYFIELD AND
JOHN SMIRK, FOR ITSELF AND ON
BEHALF OF KEN DUNAWAY AND
INJURED SIGNATORIES; AND THE
PAINTING AND DECORATING
CONTRACTORS OF AMERICA,
SOUTHERN NEVADA CHAPTER, FOR
AND ON BEHALF OF ITSELF AND ITS
INJURED MEMBERS,
Appellants,
vs.
CITY OF BOULDER CITY, A
POLITICAL SUBDIVISION OF THE
STATE OF NEVADA; AND MMI TANK,
INC., AN ARIZONA CORPORATION,
Respondents.

No. 68060

FILED

MAY 1 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a complaint for declaratory and injunctive relief concerning an alleged public works project. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

Below, appellants Southern Nevada Labor Management Cooperation Committee (LMCC) and the Painting and Decorating Contractors of America, Southern Nevada Chapter, sued respondent City

16-14802

of Boulder City, alleging that the City had improperly awarded a public works contract in connection with work on a water tank to respondent MMI Tank, Inc., through a faulty bid solicitation. In particular, appellants contended that the bid solicitation wrongly advertised the water tank work as "normal maintenance" and thus excluded it, under NRS 338.011, from statutory public works requirements like paying prevailing wages. As a result, appellants asserted, their members, who are either employers required by collective bargaining agreements to pay their workers certain minimum wages or the workers themselves, were unable to fairly compete with companies that were not restricted by similar wage requirements. After motions to dismiss were filed, the district court determined that appellants had standing as representatives of injured parties and that, although the case was factually different from that in *Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 194 P.3d 96 (2008), the Nevada Labor Commissioner nevertheless had jurisdiction to determine the issues, and the court dismissed the case. Appellants then appealed.

The district court properly dismissed for failure to first seek relief with the labor commissioner. *Malecon Tobacco, LLC v. State*, 118 Nev. 837, 839, 59 P.3d 474, 475-76 (2002) ("Ordinarily, before availing oneself of district court relief from an agency decision, one must first exhaust available administrative remedies."); *see Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227–28, 181 P.3d 670, 672 (2008) (noting that this court reviews orders granting motions to dismiss de novo). The labor commissioner is charged with enforcing prevailing wage requirements for public work projects under NRS 338.010 – NRS 338.130,

which charge necessarily includes determining whether a project is a public work. NRS 338.015(1); *see* NRS 338.010(17) (defining "public work"); NRS 338.011 (describing contracts excluded from NRS Chapter 338). To that end, a number of statutes and regulations allow parties to bring matters before the labor commissioner. For instance, NRS 607.205 and NRS 607.207 provide for notice and hearings on labor law enforcement questions under the labor commissioner's authority. And NAC 338.107 authorizes the filing of a complaint concerning violations of the public works statutes enforceable by the labor commissioner, while NAC 607.650 and NAC 607.670 govern, generally, petitions for advisory and declaratory orders. As whether a project is subject to NRS Chapter 338 is governed by the statutory definitions enforceable by the labor commissioner, the labor commissioner has authority over the issues raised by appellants.

Nevertheless, appellants assert that any administrative remedy is inadequate, such that they should be allowed to bring their claims directly in the district court. In *Baldonado*, we recognized that "when an administrative official is expressly charged with enforcing a section of laws, a private cause of action generally cannot be implied." *Baldonado*, 124 Nev. at 961, 194 P.3d at 102. Here, the labor commissioner is charged with enforcing the applicable statutes, and no statute expressly authorizes a party to seek relief from an improperly advertised bid in the district court. When no clear, statutory language authorizes a private right of action, one may be implied only if the legislature so intended. *Baldonado,* 124 Nev. at 958-59, 194 P.3d at 100-01 (explaining that this court looks at three factors to determine the

legislature's intent: "(1) whether the plaintiffs are of the class for whose [e]special benefit the statute was enacted; (2) whether the legislative history indicates any intention to create or to deny a private remedy; and (3) whether implying such a remedy is consistent with the underlying purposes of the legislative scheme" (internal quotation marks and citation omitted) (alteration in original)). We conclude that the legislature did not intend to authorize a bid-solicitation challenge in the district court, as appellants are not members of the class the bid-solicitation statute, NRS 338.143, was enacted to benefit, *see Associated Builders & Contractors, Inc. v. S. Nev. Water Auth.*, 115 Nev. 151, 158, 979 P.2d 224, 229 (1999); the statute's legislative history reveals intent to deny a private remedy, *see* Hearing on S.B. 189 Before the Senate Governmental Affairs Comm., 75th Leg., at 23 (Nev., March 18, 2009) ("[T]here is no statutory recognized private cause of action. . . . There is not in NRS 338."); and implying a private cause of action is inconsistent with the underlying purpose of NRS 338.143 to protect the public. *See S. Nev. Labor Mgmt. Cooperation Comm. v. Clark Cty. Sch. Dist.*, Docket No. 65547 (January 28, 2016, Order of Affirmance) (applying the factors set forth in *Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 958, 194 P.3d 96, 100 (2008), in determining, under similar arguments made by LMCC with respect to a different factual situation, that no private right of action to enforce NRS 338.143 exists).

The labor commissioner has authority to determine whether a project is a public work under NRS Chapter 338. Appellants concede that they did not seek relief from the labor commissioner before filing suit in the district court. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.                    _____, J.
Saitta                                          Pickering


cc:     Hon. Rob Bare, District Judge
        Christensen James & Martin
        Ogletree Deakins Nash Smoak & Stewart
        Grant Morris Dodds PLLC
        Eighth District Court Clerk

---

[1]In light of this order, we need not reach the parties' arguments concerning standing.

In addition to dismissing this case by way of final judgment under NRCP 54(b), the district court purported to "stay" and retain jurisdiction over the matter, in the event that the parties seek relief from the labor commissioner and thereafter desire judicial review. This the court cannot do. *SFPP, L.P. v. Second Judicial Dist. Court*, 123 Nev. 608, 612, 173 P.3d 715, 717 (2007) ("[O]nce a final judgment is entered, the district court lacks jurisdiction to reopen it. . . ."). Thus, any post-administrative-action district court proceeding must proceed in the normal course.