# IN THE SUPREME COURT OF THE STATE OF NEVADA

TITLEMAX OF NEVADA, INC., A
NEVADA CORPORATION,
Appellant,
vs.
THE STATE OF NEVADA
DEPARTMENT OF BUSINESS AND
INDUSTRY, FINANCIAL
INSTITUTIONS DIVISION,
Respondent.

No. 69807

FILED

OCT 04 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a final judgment in an action for declaratory judgment. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

TitleMax of Nevada, Inc., provides title loans regulated by the State of Nevada, Department of Business and Industry Financial Institutions Division (the FID). The FID issued TitleMax a "Needs Improvement" rating, citing two particular business practices. TitleMax disagreed with FID's assessment and filed a declaratory relief action seeking interpretation of the statutes implicated by the business practices. The district court dismissed the declaratory relief action, citing unresolved factual issues that required TitleMax to exhaust administrative remedies.

On appeal, TitleMax argues that the district court erred in dismissing the case because either (1) no administrative remedies exist, or (2) exhaustion of administrative remedies is not necessary because the only issues before the district court were issues of statutory interpretation and because exhaustion would be futile. We conclude the district court erred

17-33587

because exhaustion of administrative remedies was not necessary where the only issues were those of statutory interpretation.

## FACTS AND PROCEDURAL HISTORY

The FID has regulatory power over loans made pursuant to NRS Chapter 604A. TitleMax is a lender licensed pursuant to NRS Chapter 604A and is a "licensee" within the meaning of NRS 604A.075. TitleMax offers title loans to its customers, which are governed by NRS Chapter 604A and regulated by the FID.

In 2014, the FID conducted an examination of TitleMax and issued reports of examination covering statutory and regulatory compliance at TitleMax's various retail stores located in the State of Nevada. Therein, FID found TitleMax in violation of NAC 604A.230, NRS 604A.210, and NRS 604A.445.[1] Specifically, the FID concluded (1) TitleMax's acceptance

---

[1]NAC 604A.230(1)(a) mandates "[a] licensee shall not . . . [r]equire or accept a guarantor to a transaction entered into with a customer." Under NRS 604A.210, prior to its July 1, 2017 amendment, NRS Chapter 604A

> do[es] not prohibit a licensee from offering a customer a grace period on the repayment of a loan or an extension of a loan, except that the licensee shall not charge the customer:
>
> (1) Any fees for granting such a grace period; or
>
> (2) Any additional fees or additional interest on the outstanding loan during such a grace period.

NRS 604A.445(3), prior to its July 1, 2017 amendments, provided

> [t]he original term of a title loan may be up to 210 days if:
>
> . . . .

SUPREME COURT
OF
NEVADA




(O) 1947A

of a co-borrower on certain title loans violated NAC 604A.230's prohibition against accepting a guarantor on a title loan; and (2) TitleMax's Grace Period Deferment Agreement violated NRS 604.210 and NRS 604.445 because the grace period resulted in the accrual of additional interest that exceeded the amount of interest as disclosed in the original loan agreement. Based upon the findings of the 2014 examination, the FID issued TitleMax a "Needs Improvement" rating, which left TitleMax potentially liable for FID fines or sanctions.

Subsequently, FID began its 2015 examination. Before the 2015 examination was complete, TitleMax filed a declaratory relief action regarding the 2014 reports of examination, seeking a determination as to (1) whether "an individual may be a co-borrower on a title loan without violating NAC 604A.230 when said individual is not listed on title of the vehicle associated with said loan"; and (2) whether the deferment agreement violates NRS 604A.210 or NRS 604A.445. TitleMax also moved for a preliminary injunction to restrain and enjoin FID from pursuing disciplinary action against TitleMax based upon those two issues.

The FID asserted that the disputed issues required factual determinations, and that the district court lacked subject-matter jurisdiction based upon TitleMax's failure to exhaust administrative

---

(b) The payments are calculated to ratably and fully amortize the entire amount of principal and interest payable on the loan;

(c) The loan is not subject to any extension; and

(d) The loan does not require a balloon payment of any kind.

remedies. The district court subsequently dismissed the case, concluding that there were "questions of fact as to what the differences are between a co-borrower and a guarantor" and as to "the implementation of these grace periods and whether the total interest charged . . . exceeds the amount of allowable interest under NRS 604A.445." This appeal followed.

## DISCUSSION

*The district court erred in ruling TitleMax failed to exhaust administrative remedies because TitleMax sought only the interpretation of statutes*

TitleMax argues exhaustion is not necessary because the only issues before the district court were issues of statutory interpretation and because exhaustion would be futile. The State argues that unresolved factual issues precluded the district court from providing declaratory relief. We conclude TitleMax is correct insofar as the only issues before the district court were those requiring statutory interpretation, which required no additional factual determinations.

"Ordinarily, before availing oneself of district court relief from an agency decision, one must first exhaust available administrative remedies." *Malecon Tobacco, LLC v. State ex rel.Dep't of Taxation*, 118 Nev. 837, 839, 59 P.3d 474, 475-76 (2002). However, "[t]wo exceptions exist to the exhaustion requirement." *Id.* at 839, 59 P.3d at 476. First, "[e]xhaustion is not required where . . . the only issue is the interpretation of a statute." *State, Dep't of Bus. & Indus., Fin. Insts. Div. v. Check City P'ship, LLC*, 130 Nev., Adv. Op. 90, 337 P.3d 755, 758 n.5 (2014). "Second, exhaustion is not required when a resort to administrative remedies would be futile." *Malecon*, 118 Nev. at 839, 59 P.3d at 476. This court reviews de novo a motion to dismiss granted due to a purported failure to exhaust statutorily required administrative remedies. *Benson v. State Eng'r*, 131 Nev., Adv. Op. 78, 358 P.3d 221, 224 (2015).

Exhaustion is not required here because TitleMax sought only the interpretation of statutes. TitleMax sought the interpretation of NAC 604A.230, NRS 604A.210, and NRS 604A.445, because TitleMax requested declarations that: (1) its practice of allowing a co-borrower on a title loan did not violate NAC 604A.230's prohibition against accepting "guarantor[s]" on a title loan, and (2) that the deferment agreement's interest formula did not accrue "additional interest" during a grace period in violation of either NRS 604A.210 or NRS 604A.445.

The declaration sought by TitleMax regarding NAC 604A.230 required the district court to simply determine whether NAC 604A.230[2] applied to both guarantors and co-borrowers; a legal determination we hold is a matter of statutory interpretation that exempts TitleMax from exhausting administrative remedies before seeking declaratory relief. Further, we hold that whether the deferment agreement's interest formula violates NRS 604A.210 and NRS 604A.445 is also a question of statutory interpretation.[3] TitleMax's claims regarding the interpretation of

---

[2]Even though NAC 604A.230 is an administrative regulation and not a statute, the distinction is irrelevant for this inquiry. *See Silver State Elec. Supply Co. v. State ex rel. Dep't of Taxation*, 123 Nev. 80, 85, 157 P.3d 710, 713 (2007) (concluding "[s]tatutory construction rules also apply to administrative regulations").

[3]In *Check City*, we analyzed whether a district court erred in dismissing a declaratory relief action seeking the interpretation of a statute within NRS Chapter 604A. 130 Nev., Adv. Op. 90, 337 P.3d at 755. While *Check City* required this court to analyze the statute in question, the court concluded that FID's arguments regarding administrative exhaustion were without merit—noting that the underlying declaratory relief action sought

NAC 604A.230, NRS 604A.210 and NRS 604A.445 do not require the exhaustion of administrative remedies before seeking declaratory relief, and, thus, the district court erred in this respect.[4] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Valerie Adair, District Judge
        Michael H. Singer, Settlement Judge
        Lewis Roca Rothgerber Christie LLP/Las Vegas
        Holland & Hart LLP/Las Vegas
        Jones Lovelock
        Attorney General/Carson City
        Attorney General/Las Vegas
        Eighth District Court Clerk

---

only the interpretation of a statute and, thus, did not require administrative exhaustion. *Id.* at 758 n.5. That rationale should likewise be applied here.

[4]We have considered the parties' remaining arguments and decline to address them at this time due to the parties' ongoing litigation.