134 Nev., Advance Opinion 17

IN THE SUPREME COURT OF THE STATE OF NEVADA

NULEAF CLV DISPENSARY, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
THE STATE OF NEVADA
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, DIVISION OF
PUBLIC AND BEHAVIORAL HEALTH;
ACRES MEDICAL, LLC; AND GB
SCIENCES, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Respondents.

No. 69909

FILED

MAR 29 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

GB SCIENCES, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Cross-Appellant,
vs.
THE STATE OF NEVADA
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, DIVISION OF
PUBLIC AND BEHAVIORAL HEALTH;
ACRES MEDICAL, LLC; AND NULEAF
CLV DISPENSARY, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Cross-Respondents.

Appeal and cross-appeal from a final judgment in an action concerning entitlement to a medicinal marijuana dispensary provisional license. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

*Affirmed in part, reversed in part, and remanded.*

18-12048

Pisanelli Bice PLLC and Todd L. Bice and Dustun H. Holmes, Las Vegas,
for Appellant/Cross-Respondent Nuleaf CLV Dispensary, LLC.

Adam Paul Laxalt, Attorney General, and Linda C. Anderson, Deputy
Attorney General, Carson City,
for Respondent/Cross-Respondent The State of Nevada Department of
Health and Human Services, Division of Public and Behavioral Health.

Greenberg Traurig, LLP, and Tami D. Cowden, Mark E. Ferrario, and
Moorea L. Katz, Las Vegas,
for Respondent/Cross-Respondent Acres Medical, LLC.

Smith & Shapiro, LLC, and Sheldon A. Herbert and James E. Shapiro,
Henderson,
for Respondent/Cross-Appellant GB Sciences, LLC.

---

BEFORE THE COURT EN BANC.

## OPINION

By the Court, PARRAGUIRRE, J.:

NRS 453A.322 governs the registration process for medical marijuana establishments in Nevada. Specifically, NRS 453A.322(3)(a)(5) provides that an applicant seeking to obtain a medical marijuana establishment registration certificate must obtain approval from the local government where the establishment is to be located certifying that the applicant is in compliance with applicable zoning restrictions and building requirements. In this appeal, we are asked to determine whether NRS 453A.322(3)(a)(5)'s requirement must be satisfied before an applicant can receive a registration certificate. We conclude that it does not and that the registration certificate is deemed provisional until the applicant is able to

 

satisfy NRS 453A.322(3)(a)(5). We therefore affirm in part, reverse in part, and remand.

## I.

Respondent, the Division of Public and Behavioral Health of Nevada's Department of Health and Human Services (Department), is tasked with carrying out the provisions of NRS 453A.320-.370 regarding the production and distribution of medical marijuana.[1] NRS 453A.370. In particular, NRS 453A.322 governs the registration process for those seeking to operate medical marijuana establishments and imposes a duty on the Department to register the establishment and issue medical marijuana establishment registration certificates. A "[m]edical marijuana establishment registration certificate" is "a registration certificate that is issued by the [Department] pursuant to NRS 453A.322 to authorize the operation of a medical marijuana establishment." NRS 453A.119 (internal quotation marks omitted).

Each year, the Department accepts applications for registration certificates over the course of ten business days and must evaluate and rank the applicants pursuant to certain criteria set forth in NRS Chapter 453A and NAC Chapter 453A. *See* NRS 453A.322; NRS 453A.324; NRS 453A.328; NRS 453A.370. "[N]ot later than 90 days after receiving an application to operate a medical marijuana establishment," the Department must issue registration certificates to qualifying applicants. NRS 453A.322.

---

[1]The Legislature amended NRS Chapter 453A effective July 2017. Unless otherwise specified, this opinion refers to the 2014 version of NRS Chapter 453A. 2013 Nev. Stat., ch. 547, § 10, at 3695-3729.

Pursuant to NRS 453A.322(3)(a)(5), an applicant must submit "proof of licensure with the applicable local governmental authority or a letter from the applicable local governmental authority certifying that the proposed medical marijuana establishment is in compliance with [zoning] restrictions and satisfies all applicable building requirements." Accordingly, the City of Las Vegas (City) enacted Las Vegas Municipal Code (LVMC) 6.95.080, which requires the City to notify the Department when a "proposed location has been found in conformance with land use and zoning restrictions" pursuant to NRS 453A.322(3)(a)(5).

In August 2014, the Department accepted applications, and its 90-day prescribed deadline to issue registration certificates fell on November 3, 2014. One business day before the conclusion of the Department's 90-day-review period, the City issued a letter to the Department under LVMC 6.95.080. The Department did not consider the City's letter and timely released its rankings the following business day. Pursuant to the Department's rankings of Las Vegas applicants, appellant Nuleaf CLV Dispensary, LLC (Nuleaf) ranked third, respondent/cross-appellant GB Sciences, LLC (GB) ranked thirteenth, and respondent/cross-respondent Acres Medical, LLC (Acres) ranked in the thirties. With regard to Clark County dispensaries, the Department can issue up to 40 certificates, but only 12 of those certificates can be allotted to dispensaries located in the City. NRS 453A.116(4) (defining a medical marijuana establishment to include a medical marijuana dispensary); NRS 453A.324(1)(a); NRS 453A.326(1). Thus, only Nuleaf ranked high enough to receive a certificate.

However, despite Nuleaf receiving a registration certificate, Nuleaf had been denied a request for a compliance permit by the City in its

letter issued to the Department pursuant to LVMC 6.95.080. As such, GB brought the underlying suit against the Department and Nuleaf, alleging that the Department should have disqualified Nuleaf due to its failure to obtain approval from the City under NRS 453A.322(3)(a)(5). While GB's suit was pending, Acres filed a separate suit against the Department, seeking a writ of mandamus to compel the Department to recalculate its score because the Department had inadvertently omitted certain points while totaling Acres' score. The district court granted Acres' petition, and Acres moved up to thirteenth place while GB moved down to fourteenth place. The Department then filed a notice of entry of order regarding Acres' new ranking in the underlying suit.

Thereafter, GB moved for summary judgment on its declaratory judgment claim and sought a mandatory injunction requiring the Department to revoke Nuleaf's certificate and reissue it to GB. Nuleaf filed a countermotion for summary judgment, arguing that the Department correctly interpreted NRS Chapter 453A's statutory scheme to permit an applicant to receive a provisional certificate pending its ability to receive approval from the applicable local government. While the summary judgment motions were pending, Acres moved to intervene in the underlying suit, arguing that the Department should reissue Nuleaf's registration certificate to Acres instead of GB due to Acres' new score and adjusted ranking. The district court issued an order concluding that the application requirement enumerated under NRS 453A.322(3)(a)(5) was an absolute prerequisite for receiving a provisional registration certificate and that Nuleaf should have been disqualified for failing to do so. The district court further concluded that Acres, as opposed to GB, was entitled to receive the registration certificate due to its corrected score. Accordingly, the

district court (1) granted in part GB's motion for summary judgment requesting a declaration that Nuleaf was improperly issued a certificate pursuant to NRS 453A.322(3)(a)(5), (2) denied in part GB's motion for summary judgment requesting that the Department reissue a certificate to GB, (3) issued an injunction directing the Department to revoke Nuleaf's certificate and reissue the certificate to Acres, and (4) denied Nuleaf's countermotion for summary judgment.

II.

As an initial matter, we consider whether declaratory relief was an available form of judicial relief in this matter. We recently held that "a disappointed applicant for a medical marijuana establishment registration certificate does not have a right to judicial review under the APA or NRS Chapter 453A" because "the application process provided by NRS 453A.322 does not constitute a contested case." *See State, Dep't of Health and Human Servs. v. Samantha Inc.*, 133 Nev., Adv. Op. 100, 407 P.3d 327, 328, 332 (2017). Nonetheless, we also acknowledged that our holding did not preclude an applicant from seeking "other forms of judicial relief, including but not limited to . . . declaratory relief." *Id.* at 332. Specifically, declaratory relief is available under NRS 30.040, which provides, in relevant part, that any person "whose rights, status or other legal relations are affected by a statute, . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder." Here, GB sought a judicial determination regarding the proper construction of NRS 453A.322(3)(a)(5) and a declaration of the parties' rights with respect to the provisional registration certificate that was issued to Nuleaf. Accordingly, we conclude that GB properly sought declaratory relief as a form of judicial

relief in the district court, and we next consider whether the district court erred in granting summary judgment on GB's request for declaratory relief.

III.

This court reviews a district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.* When deciding a summary judgment motion, all evidence must be viewed in a light most favorable to the nonmoving party. *Id.*

In addition, "[t]his court's role in reviewing an administrative agency's decision is identical to that of the district court. Although we defer to an agency's findings of fact, we review legal issues de novo, including matters of statutory interpretation." *Poremba v. S. Nev. Paving*, 133 Nev., Adv. Op. 2, 388 P.3d 232, 235 (2017) (citation omitted). An agency's interpretation of a statute that it is authorized to execute is entitled to deference "unless it conflicts with the constitution or other statutes, exceeds the agency's powers, or is otherwise arbitrary and capricious." *Cable v. State ex rel. Emp'rs Ins. Co. of Nev.*, 122 Nev. 120, 126, 127 P.3d 528, 532 (2006).

In light of the district court's order granting summary judgment on GB's declaratory judgment claim, the parties dispute the proper construction of NRS 453A.322(3)(a)(5) regarding whether an applicant must obtain prior approval from a local government to receive a registration certificate. GB and Acres argue that NRS 453A.322(3)(a)(5) plainly provides that an applicant must provide proof of local licensure or a letter certifying compliance with all relevant requirements from the applicable

local government before the Department's 90-day statutory deadline for issuing certificates. Nuleaf argues that an applicant's failure to satisfy NRS 453A.322(3)(a)(5)'s requirement merely renders any registration certificate provisional until the applicant is able to do so. We agree with Nuleaf.

## A.

"When the language of a statute is plain and subject to only one interpretation, we will give effect to that meaning and will not consider outside sources beyond that statute." *Nev. Attorney for Injured Workers v. Nev. Self-Insurers Ass'n*, 126 Nev. 74, 84, 225 P.3d 1265, 1271 (2010). Conversely, "when the statute is ambiguous and subject to more than one interpretation, we will evaluate legislative intent and similar statutory provisions" and "constru[e] the statute in a manner that conforms to reason and public policy." *Id.*

In determining whether NRS 453A.322 is ambiguous, there are three interrelated statutes to consider: NRS 453A.322 itself, NRS 453A.326, and NRS 453A.328. First, NRS 453A.322 provides, in relevant part:

> 3. Except *as otherwise provided* in NRS 453A.324, 453A.326, 453A.328 and 453A.340, not later than 90 days after receiving an application to operate a medical marijuana establishment, the [Department] *shall register* the medical marijuana establishment and issue a medical marijuana establishment registration certificate . . . *if*:
>
> (a) The person who wishes to operate the proposed medical marijuana establishment *has submitted to the [Department] all of the following*:
>
> . . . .
>
> (5) . . . proof of licensure with the applicable local governmental authority or a letter from the applicable local governmental authority certifying that the proposed medical marijuana

establishment is in compliance with [zoning] restrictions and satisfies all applicable building requirements.

(Emphases added.) Second, NRS 453A.326(3) provides as follows:

> 3. In a local governmental jurisdiction that issues business licenses, the issuance by the [Department] of a medical marijuana establishment registration certificate *shall be deemed to be provisional* until such time as:
>
> (a) The establishment is in compliance with all applicable local governmental ordinances or rules; and
>
> (b) The local government has issued a business license for the operation of the establishment.

(Emphasis added.) Third, NRS 453A.328 provides, in relevant part, that "[i]n determining whether to issue a medical marijuana establishment registration certificate pursuant to NRS 453A.322, the [Department] shall, *in addition to the factors set forth in that section,* consider [this section's] criteria of merit." (Emphasis added.)

Here, the plain language of the three interrelated statutes is ambiguous as to whether the Department can issue a certificate for an applicant who fails to satisfy NRS 453A.322(3)(a)(5)'s requirement. Consistent with GB and Acres' interpretation, NRS 453A.322(3) may be interpreted to require applicants to provide proof of local approval before they can be considered for the Department's ranking system under NRS 453A.328. *See* NRS 453A.322(3)(a)(5) (providing that the Department "shall register the medical marijuana establishment . . . if . . . [t]he person who wishes to operate the proposed medical marijuana establishment has submitted" proof of local approval). Conversely, Nuleaf's interpretation is also reasonable in that NRS 453A.328's language suggests that NRS

453A.322(3)'s requirements are merely "factors" for the Department to consider in issuing a certificate. *See* NRS 453A.328 (stating that "[i]n determining whether to issue a . . . registration certificate pursuant to NRS 453A.322, the [Department] shall, in addition to the factors set forth in that section, consider the following criteria of merit"). Furthermore, while NRS 453A.322(3)(a) states that the Department "shall" register a medical marijuana establishment when it has satisfied that subsection's requirements, nothing in the statute prohibits the Department from considering an applicant that fails to meet the requirements. Therefore, we conclude that NRS 453A.322(3)(a)(5) is ambiguous, and we turn to both NRS 453A.322's "legislative history and our rules of statutory interpretation." *Leven v. Frey*, 123 Nev. 399, 404, 168 P.3d 712, 716 (2007).

B.

We conclude that NRS 453A.322's legislative history provides little guidance in resolving the pertinent ambiguities of the statute; however, in applying established statutory construction principles, we conclude that NRS 453A.322 permits the Department to issue a provisional certificate until the applicant is able to satisfy all applicable zoning and building requirements.

Here, all of the parties agree that NRS 453A.322 plainly requires the Department to issue registration certificates no later than 90 days after receiving an application. However, NRS Chapter 453A imposes no such time requirement on local governments in submitting letters to the Department pursuant to NRS 453A.322(3)(a)(5). In light of the time requirement imposed on the Department, and lack thereof for applicable local governments, adopting GB and Acres' interpretation of NRS 453A.322(3)(a)(5) would produce unreasonable results. *Leven*, 123 Nev. at

405, 168 P.3d at 716 (providing that "[w]hen construing an ambiguous statutory provision," this court should avoid rendering any part of a statute meaningless, "and a statute's language should not be read to produce absurd or unreasonable results" (internal quotation marks omitted)). For example, under GB and Acres' interpretation, local governments may (1) interject last minute and effectively force the Department to readjust its applicant rankings and potentially violate its statutorily mandated deadline for issuing certificates, or (2) preclude otherwise qualified applicants from receiving certificates for that calendar year by simply failing to notify the Department pursuant to NRS 453A.322(3)(a)(5).

Here, the City submitted its letter pursuant to LVMC 6.95.080(D) just one business day before the Department's 90-day limit to release the rankings of the applicants and issue certifications. The Department explained that it had 519 applications to review, score, and rank accordingly. As such, requiring the Department to consider the City's last-minute letter by disqualifying applicants who failed to obtain approval and readjust its ranking would have likely caused the Department to violate its 90-day deadline for issuing certificates. Similarly, if the City had failed to notify the Department before the 90-day deadline, the Department would have been forced to disqualify all applicants seeking to operate in the City. Thus, we conclude that adopting the district court's interpretation of NRS 453A.322(3)(a) would produce unreasonable results.

Nonetheless, GB and Acres argue that Nuleaf's interpretation of NRS 453A.322 would disrupt the crucial interplay between the Department and local authorities in overseeing the medical marijuana establishment registration process. We disagree.

 

The Department specifically recognizes that "the issuance of a medical marijuana establishment registration certificate by the [Department] is provisional and not an approval to begin operations as a medical marijuana establishment until" the establishment (1) complies with all applicable local governmental ordinances and rules, and (2) receives a business license or approval from the applicable local government to commence operation. NAC 453A.316. In the instant case, Nuleaf's establishment must satisfy all relevant Las Vegas municipal codes before commencing operation. *See* LVMC 6.95.020; LVMC 6.95.040; LVMC 6.95.080; LVMC 6.95.090. Moreover, "[i]f a medical marijuana establishment is not fully operational within 18 months after the date on which the [Department] issued the medical marijuana establishment registration certificate, the [Department] may revoke the medical marijuana establishment registration certificate." NAC 453A.324. Accordingly, we conclude that the Department's ability to issue provisional registration certificates does not supersede local governmental approval for the operation of medical marijuana establishments.

Finally, we must afford great deference to the Department's interpretation of a statute that it is tasked with enforcing when the interpretation does not conflict with the plain language of the statute or legislative intent. *See Meridian Gold Co. v. State ex rel. Dep't of Taxation*, 119 Nev. 630, 635, 81 P.3d 516, 519 (2003) (noting "courts generally give great deference to an agency's interpretation of a statute that the agency is charged with enforcing" (internal quotation marks omitted)); *see also City of Reno v. Reno Police Protective Ass'n*, 118 Nev. 889, 900, 59 P.3d 1212, 1219 (2002) (acknowledging that "[a]n agency charged with the duty of administering an act is impliedly clothed with power to construe it as a

 

necessary precedent to administrative action [and] great deference should be given to the agency's interpretation when it is within the language of the statute" (alterations in original) (internal quotation marks omitted)). This holds true in light of GB and Acres' competing interpretation of NRS 453A.322. *See Malecon Tobacco, LLC v. State ex rel. Dep't of Taxation*, 118 Nev. 837, 841-42 n.15, 59 P.3d 474, 477 n.15 (2002) (acknowledging that "[c]ourts . . . must respect the judgment of the agency empowered to apply the law to varying fact patterns, even if the issue with nearly equal reason [might] be resolved one way rather than another" (alterations in original) (internal quotation marks omitted)).

Accordingly, we conclude that the Department has the authority to issue registration certificates to applicants who have not satisfied NRS 453A.322(3)(a)(5)'s requirement and that a certificate is deemed provisional until the applicant obtains proper approval by the applicable local government. Thus, we reverse the district court's order to the extent that it relied on an erroneous interpretation of NRS 453A.322.[2]

## IV.

For the reasons set forth above, we (1) affirm the district court's order denying in part GB's summary judgment motion seeking mandatory injunction; (2) reverse the district court's order (a) granting in part GB's summary judgment motion seeking declaratory relief, (b) directing the Department to reissue the registration certificate to Acres, and (c) denying

---

[2]In light of this conclusion, we need not reach Nuleaf's remaining arguments concerning the district court's ability to direct the Department to revoke Nuleaf's registration certificate and reissue it to Acres. We further need not reach GB and Acres' arguments on cross-appeal regarding entitlement to Nuleaf's registration certificate.

Nuleaf's countermotion for summary judgment; and (3) remand for further proceedings consistent with this opinion.

_____, J.
Parraguirre

We concur:

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Stiglich