IN THE SUPREME COURT OF THE STATE OF NEVADA

PETER GIBBONS,
Appellant,
vs.
CARSON CITY, A POLITICAL
SUBDIVISION OF THE STATE OF
NEVADA,
Respondent.

No. 80079

FILED

FEB 22 2021

ELIZABETH ___ ___
CLERK OF SU___ ___ COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order dismissing a complaint without leave to amend in a municipal code action. First Judicial District Court, Carson City; James Todd Russell, Judge. Appellant raises three main arguments on appeal.

Appellant first argues that the municipal code provision that imposes height restrictions on fences does not apply to single-family residential property. Interpreting the code provisions de novo, *see City of Reno v. Citizens for Cold Springs*, 126 Nev. 263, 271-72, 236 P.3d 10, 16 (2010) (applying de novo review when interpreting municipal code provisions), we disagree. The provision that limits fence height, CCMC tit. 18 app. § 1.13(5)(a) (2006), does not expressly exclude single-family residential properties from its scope.[1] Moreover, the municipal code otherwise provides that development and design standards such as those in

_____

[1]The provision states that "[n]o fences, walls or hedges exceeding 4 feet in height shall be permitted within a front yard setback or within 5 feet of the property line on the street side."

21-05126

section 1.13 apply to all properties within Carson City.[2] *See* CCMC § 18.02.025 ("Title 18 ordinance requirements and corresponding development standards ordinance requirements shall apply to all properties within Carson City."); *id.* § 18.02.15(4) (providing that the design standards serve as "parallel authority" to Title 18). We therefore agree with the district court that respondent did not misapply the code provision in determining that the height of the fence on appellant's property violated the CCMC. *See Desert Valley Water Co. v. State*, 104 Nev. 718, 720, 766 P.2d 886, 887 (1988) (holding that, in analyzing the meaning of a statute, "[t]he words of the statute should be construed in light of the policy and spirit of the law, and the interpretation made should avoid absurd results"); *see also Mangarella v. State*, 117 Nev. 130, 133, 17 P.3d 989, 991 (2001) (explaining that a statute "must be construed as a whole and not be read in a way that would render words or phrases superfluous or make a provision nugatory" (internal quotation marks omitted)).

Appellant next contends that a government's desire to promote aesthetics on single-family residential property is not a legitimate government interest under NRS 278.020 and therefore the code provision at issue is unconstitutional. We review de novo, *Busefink v. State*, 128 Nev.

---

[2]For this reason, we are not persuaded by appellant's argument that section 1.13 does not apply to single-family residences because another provision in the same title says the "design standards have been prepared to foster quality design" of various types of projects without mentioning single-family residences, CCMC tit. 18 app. § 1.0 (noting that "[t]hese design standards have been prepared to foster quality design of office, commercial, multi-family, public, industrial and institutional projects within Carson City"). *See State v. Koontz*, 84 Nev. 130, 139, 437 P.2d 72, 77 (1968) (explaining that the doctrine of expressio unius est exclusio alterius at best "is a mere aid to interpretation" and that "[p]erhaps more accurately, it usually serves to describe a result rather than to assist in reaching it").

525, 528, 286 P.3d 599, 602 (2012) ("We review a constitutional challenge to a statute de novo."), and disagree. Although appellant argues that his constitutional challenge is subject to strict scrutiny, this court has held that rational basis review applies to constitutional challenges to zoning ordinances. *See, e.g., Talk of the Town Bookstore v. City of Las Vegas*, 92 Nev. 466, 471-72, 553 P.2d 959, 962 (1976) (applying rational basis analysis to a zoning ordinance distinguishing between certain types of bookstores). The municipal code provision at issue survives rational basis review.

"It is well settled that the state may legitimately exercise its police powers to advance esthetic values." *Members of City Council of City of L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 805 (1984) (holding that "[t]he concept of the public welfare is broad and inclusive," and "[t]he values it represents are spiritual as well as physical, aesthetic as well as monetary"); *see also Gypsum Res., LLC v. Masto*, 672 F. Supp. 2d 1127, 1142 (D. Nev. 2009) ("The preservation of scenic and recreational areas is a legitimate state purpose providing a rational basis for zoning restrictions."). NRS 278.020(1) authorizes and empowers governing bodies of cities and counties "to regulate and restrict the improvement of land and to control the location and soundness of structures," "[f]or the purpose of promoting health, safety, morals, or the general welfare of the community." In line with this authority, section 1.0 similarly provides that the standards it sets forth are "aimed at improving the community image," to enhance "the economic well-being of the city, especially the tourism economy." Section 1.0 further states that the "standards are intended to inspire development of lasting quality and designs that enhance the overall community." Consistent with this purpose, section 1.13 sets forth a height requirement that applies to all properties in Carson City. Thus, on its face, section 1.13 is related to a

SUPREME COURT
OF
NEVADA

(O) 1947A

legitimate government interest and is not arbitrary or unreasonable. *See Sustainable Growth Initiative Comm. v. Jumpers, LLC*, 122 Nev. 53, 71-72, 128 P.3d 452, 465 (2006) (holding that "a zoning ordinance is unconstitutional only if its provisions are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare" (internal quotation marks omitted)).

To the extent that the Nevada Constitution protects a person's property rights above and beyond that provided by the United States Constitution, the municipal code provision at issue does not, on its face, infringe upon those rights. In particular, section 1.13 does not prevent persons from acquiring, possessing, or protecting their property. *See* Nev. Const. art. 1, § 1 ("All [persons] are by Nature free and equal and have certain inalienable rights among which are those of enjoying and defending life and liberty; Acquiring, Possessing and Protecting property and pursuing and obtaining safety and happiness . . . ."); *cf. Mangarella*, 117 Nev. at 134-35, 17 P.3d at 992 ("Whenever possible, we must interpret statutes so as to avoid conflicts with the federal or state constitutions."). Rather, section 1.13 merely prescribes certain esthetic requirements. Appellant therefore has not met his burden of proving the provision is unconstitutional. *See Sustainable Growth Initiative*, 122 Nev. at 71, 128 P.3d at 465 (holding that the party challenging the zoning ordinance bears the burden of demonstrating that the ordinance at issue is constitutionally unsound).

Appellant finally argues that section 1.13 is unconstitutional as applied to him because it infringes on his inalienable right under the Nevada Constitution to protect his property from predators and other wildlife. Because appellant has not filed for a special use permit for higher

fencing, he has yet to exhaust his administrative remedies, a requirement for as-applied constitutional challenges. *See, e.g., City of Suwanee v. Settles Bridge Farm, LLC*, 738 S.E.2d 597, 600 (Ga. 2013) (holding that a party failed to exhaust its administrative remedies where it did not submit "a special use permit application to the City Planning Commission for its review, to be followed by City Council review"); s*ee McCarran Int'l Airport v. Sisolak*, 122 Nev. 645, 664, 137 P.3d 1110, 1123 (2006) (noting that "[t]he Supreme Court has required exhaustion of administrative remedies in cases where a regulation is alleged to have gone too far in burdening private property"); *cf. Malecon Tobacco, LLC v. State*, 118 Nev. 837, 839, 59 P.3d 474, 475-76 (2002) (holding that a party must exhaust administrative remedies where the issue relates to an as-applied challenge to the constitutionality of a statute). Although exhaustion of administrative remedies is not required if doing so would be futile, *Malecon Tobacco, LLC*, 118 Nev. at 839, 59 P.3d at 476, appellant has not demonstrated that applying for a special use permit would be futile, even treating "all factual allegations in [his] complaint as true, [and] drawing all inferences in [his] favor," *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (providing the standard for reviewing motions to dismiss). Specifically, while appellant's complaint alleges that the Carson City Planning Division staff indicated that it would not support his special use permit application, he concedes that, at one time, staff indicated it would support the application for a special use permit, and that the Planning Commission, not staff, ultimately determines whether to approve such applications. And any contention that the Planning Commission will deny his special use permit application is speculative. *See Doe v. Bryan*, 102 Nev. 523, 525, 728 P.2d 443, 444 (1986) (concluding that an alleged harm that is

speculative is insufficient for a justiciable controversy—an existing controversy must be present). Thus, we need not address appellant's as-applied challenge at this time.[3] *See Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 571, 170 P.3d 989, 993 (2007) (holding that "[w]hether couched in terms of subject-matter jurisdiction or ripeness, a person generally must exhaust all available administrative remedies before initiating a lawsuit, and failure to do so renders the controversy nonjusticiable").

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cadish

cc:  Hon. James Todd Russell, District Judge
      Peter Gibbons
      Carson City District Attorney
      Carson City Clerk

---

[3]While the district court did not dismiss appellant's case on this ground, it nevertheless reached the correct result. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason.").