# IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIO CESAR CHAVEZ, JR.,
Appellant,
vs.
BOB BENNETT, EXECUTIVE
DIRECTOR FOR THE ATHLETIC
COMMISSION OF THE DEPARTMENT
OF BUSINESS AND INDUSTRY,
STATE OF NEVADA; AND NEVADA
STATE ATHLETIC COMMISSION,
Respondents.

No. 81319

FILED

JUN 25 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

Appeal from a district court order granting summary judgment and denying a preliminary injunction. Eighth Judicial District Court, Clark County; James Crockett, Judge.

Appellant Julio Cesar Chavez, Jr. is a professional boxer. Chavez's promoter, Matchroom Boxing USA, LLC, requested a permit for a boxing match featuring Chavez to take place at the MGM Grand Garden Arena in Las Vegas, Nevada. After Chavez promoted the match on social media, a representative from respondent Nevada State Athletic Commission (NSAC) attempted to perform a random drug test on Chavez under Nevada's anti-doping laws. Chavez refused to submit for the test. Respondent Bob Bennett, the executive director of NSAC, notified Chavez that he was temporarily suspended pending formal disciplinary proceedings.

After a hearing on the matter, NSAC extended Chavez's temporary suspension until his disciplinary matter was resolved. Chavez

21-18292

then filed a complaint against Bennett and NSAC[1] in the district court, arguing that disciplining a non-licensed boxer was unconstitutional and that the temporary suspension violated his substantive due process rights. Chavez also applied for an ex parte temporary restraining order and preliminary injunction, seeking to enjoin the temporary suspension.

The district court granted a TRO through the conclusion of trial. About one month later, Bennett moved to dismiss Chavez's complaint and to dissolve the TRO. Bennett argued that Chavez had failed to exhaust administrative remedies before seeking judicial review, and that the TRO had impermissibly lasted beyond NRCP 65(b)'s 14-day time limit. Chavez countermoved for a preliminary injunction. The district court found that Chavez had failed to first exhaust his administrative remedies before seeking judicial review, and granted Bennett's motion to dismiss as a motion for summary judgment. The court also found that it must necessarily dissolve the TRO, and denied Chavez's countermotion.

On appeal, Chavez argues that NSAC did not have personal jurisdiction over him, the district court erred by granting summary judgment because he is exempt from the exhaustion doctrine, and the district court abused its discretion by dissolving the TRO.

We must first address whether NSAC had personal jurisdiction over Chavez before reaching the other issues. We review a determination of personal jurisdiction de novo. *Fulbright & Jaworski LLP v. Eighth Judicial Dist. Court*, 131 Nev. 30, 35, 342 P.3d 997, 1001 (2015). Personal jurisdiction exists where the defendant has "minimum contacts with the forum state and an exercise of jurisdiction would not offend traditional

_____

[1]We refer to the respondents collectively as "Bennett" unless the context warrants referring to them separately.

notions of fair play and substantial justice." *Catholic Diocese of Green Bay, Inc. v. John Doe 119*, 131 Nev. 246, 249, 349 P.3d 518, 520 (2015).

"[S]pecific jurisdiction is proper only where the cause of action arises from the defendant's contacts with the forum." *Fulbright*, 131 Nev. at 37, 342 P.3d at 1002 (internal quotation marks omitted).

> [T]he defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. The cause of action must arise from the consequences in the forum state of the defendant's activities, and those activities, or the consequences thereof, must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at 38, 342 P.3d at 1002 (internal quotation omitted). Importantly, "a strict causal relationship" is not required between the defendant's in-state activities and the litigation. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S.Ct. 1017, 1026 (2021). This court may also find specific jurisdiction where the defendant's in-state activities "relate to" the contacts in the forum. *Id.*

Here, the uncontested facts demonstrate that Chavez's promoter, Matchroom Boxing USA, LLC, submitted, under penalty of perjury, a permit request for a boxing match between Chavez and Daniel Jacobs to take place on December 20, 2019, at the MGM Grand Garden Arena in Las Vegas, Nevada. Chavez also promoted the match on social media, stating it would happen in Las Vegas on December 20 during a video live stream and in a retweet on Twitter. Therefore, Chavez purposefully availed himself of the privilege of acting in Nevada, and we conclude NSAC

has made a prima facie showing of specific personal jurisdiction over Chavez.[2]

We next address whether the district court erred by granting summary judgment because Chavez failed to exhaust his administrative remedies. Chavez argues he is exempt from the exhaustion doctrine because he raises constitutional questions and seeking administrative relief is futile. We disagree.

"[A] person generally must exhaust all available administrative remedies before initiating a lawsuit, and failure to do so renders the controversy nonjusticiable." *Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 571, 170 P.3d 989, 993 (2007). However, there are exceptions to the exhaustion doctrine, including where the issue solely concerns the interpretation or constitutionality of a statute, and where seeking administrative relief would be futile. *Malecon Tobacco, LLC v. State ex rel. Dep't of Taxation*, 118 Nev. 837, 839, 59 P.3d 474, 476 (2002).

As to the first, when a party challenges the constitutionality of a statute, we apply the exhaustion doctrine differently depending on whether the statute is challenged on its face or challenged as it applies to the party. *Id.* at 840-41, 59 P.3d at 476-77. A statute challenged on its face is essentially a question of law, and exhaustion is not required because an administrative agency's decision "will rarely aid in the ultimate judicial

---

[2]We also note that NSAC's personal jurisdiction over Chavez is interwoven through the statutory scheme and administrative code. *See* NRS 467.070(1); NRS 467.0103; NRS 467.0108(1)-(2)(a); NRS 467.117; NRS 467.153; NRS 467.158(5); NAC 467.00395(1); NAC 467.004(3); NAC 467.089; NAC 467.570(1); NAC 467.5705(1); NAC 467.885(2), (4). And we are unconvinced that an unarmed combatant must be licensed in order for NSAC to obtain personal jurisdiction. *See* NRS 467.158(5).

resolution of the claim." *See id.* at 840, 59 P.3d at 476 (internal quotation marks and punctuation omitted). But where resolution of the constitutional issue relies on factual determinations, a party must exhaust his administrative remedies before seeking review in the district court. *Id.*; *see also Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 122 Nev. 132, 157, 127 P.3d 1088, 1106 (2006) (explaining agencies are in the best position to determine fact-based issues).

As to the second exception, seeking an administrative remedy is futile when the agency's statute of limitations prevents the party from bringing a claim. *See State, Dep't of Taxation v. Scotsman Mfg. Co.*, 109 Nev. 252, 255, 849 P.2d 317, 320 (1993); *see also Benson v. State Eng'r*, 131 Nev. 772, 777, 358 P.3d 221, 225 (2015) (addressing *Scotsman Manufacturing* and the futility exception). Exhaustion is also futile when the "administrative agency clearly lacks jurisdiction." *Engelmann v. Westergard*, 98 Nev. 348, 353, 647 P.2d 385, 389 (1982).

Here, Chavez was temporarily suspended pending a formal hearing, and NSAC has not yet made a final decision regarding the suspension. Therefore, Chavez has not exhausted his administrative remedies, and we must determine whether Chavez's claims before the district court fall within the two exceptions he raised on appeal. We conclude that Chavez's claims do not fall under either exception. Chavez's claims regarding subject matter jurisdiction and personal jurisdiction do not concern the constitutionality of a statute. Additionally, Chavez's constitutional claims are as-applied challenges that require additional factual findings. Furthermore, we believe that additional factual findings would be helpful to this court to understand when NSAC's jurisdiction is triggered.

As to futility, seeking administrative relief is not futile here where the issue of jurisdiction is not clear and where administrative remedies remain available. And, while the NSAC Chairperson stated that it was his belief that the agency cannot determine whether a statute is constitutional, administrative agencies have the authority to interpret the statutes they are charged with administering. *Int'l Game Tech.*, 122 Nev. at 157, 127 P.3d at 1106. Therefore, we conclude that the district court properly granted summary judgment for failure to first exhaust administrative remedies, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and we conclude Chavez must obtain a final decision from NSAC before seeking judicial review.

We also briefly address whether the district court abused its discretion by dissolving the TRO. *Coronet Homes, Inc. v. Mylan*, 84 Nev. 435, 437, 442 P.2d 901, 902 (1968) ("The granting, refusing or dissolving of injunctions or restraining orders is a matter of discretion."). The parties dispute whether the order was a TRO or a preliminary injunction. However, because the injunction exceeded 14 days and was ordered to stand until a trial on the merits, we conclude that it acted as a preliminary injunction. *See* NRCP 65(b) (establishing that, with an exception not applicable here, a TRO may not exceed 14 days). Therefore, when the district court properly granted summary judgment, the preliminary injunction necessarily and automatically dissolved at the same time. *See U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010) ("A preliminary injunction imposed [under FRCP 65] dissolves *ipso facto* when a final judgment is entered in the cause."); *see also Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 118 Nev. 46, 53, 38 P.3d 872, 876 (2002) ("Federal cases interpreting the Federal Rules of Civil Procedure 'are strong persuasive authority, because the

Nevada Rules of Civil Procedure are based in large part upon their federal counterparts.'" (quoting *Las Vegas Novelty, Inc. v. Fernandez*, 106 Nev. 113, 119, 787 P.2d 772, 776 (1990))).[3]

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

---

[3]In light of our decision, we do not address Chavez's remaining arguments, which we conclude are without merit.

SUPREME COURT
OF
NEVADA




cc: Chief Judge, Eighth Judicial District Court
Eighth Judicial District Court, Department 24
Goodman Law Group, APC
Attorney General/Carson City
Attorney General/Las Vegas
Eighth District Court Clerk